**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ILLINOIS COLLECTION SERVICE, INC., | ) ) |
| Defendant. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff, James A. Mitchem ("Plaintiff"), brings this action individually and on behalf of two classes of similarly situated persons to secure redress against unlawful practices engaged in by Defendant Illinois Collection Service, Inc., ("Defendant").

2.      Plaintiff alleges that Defendant's pre-recorded voice message left on his cell phone violated Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*., ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1331 (Interstate Commerce); 15 U.S.C. §1692k (FDCPA), and over the TCPA claims pursuant to 47 U.S.C. § 227 ("TCPA") *Brill v. Countrywide Home Loans, Inc., 427 F.3d 446* (7th Cir. 2005) and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

4.      Venue and personal jurisdiction over Defendant in this District is proper because:

a.     Plaintiff resides in the District;

b.     Defendant maintains an office in the District;

c.     Defendant transacts business in the District via the telephone lines; and

d.     Defendant's collection activities complained of occurred within the District.

**PARTIES**

5.     Plaintiff is an individual who resides in the Northern District of Illinois.

6.     According to Illinois Collection Service, Inc.'s website the name of Defendant's business is Illinois Collection Service, Inc, and its principal place of business located at 8231 185th Street, Tinley Park, IL 60487.

7.     The Illinois Secretary of State's website lists a company by the name of Illinois Collection Service, Inc, and that its registered agent and his address is John P. Cronin, 8231 185th Street, Tinley Park, IL 60487. For purposes of service of process Defendant's secretary is Jeanne H. Cronin, 8231 185th Street, Tinley Park, IL 60487.

8.     According to the Illinois Department of Regulation's website, Defendant is registered and is licensed as a collection agency under Illinois law under the name Illinois Collection Service Inc.

9.     Illinois Collection Service, Inc.'s website states that it, "is a full service debt collection agency specializing in healthcare collections." http://www.ics-collection.com/services.htm

10.     Illinois Collection Service, Inc.'s website states:

> **Collection Litigation:** ICS has a legal team to handle client authorized litigation. Legal remedies and representation have always been a necessity in

recovering unpaid accounts. ICS has an experienced collection law firm to handle your accounts effectively and represent your collection accounts in accordance with all state and federal laws and . (sic) from lawsuits, to estate, bankruptcy and special cases, ICS attorneys have over 30 years of experience in handling collection accounts.

http://www.ics-collection.com/services.htm

11. On information and belief the statements quoted above from Illinois Collection Service, Inc.'s website are true.

12. Illinois Collection Service, Inc, is engaged in the practice of attempting to collect debts that are in default through, in part, telephone calls.

13. Illinois Collection Service, Inc, is a "debt collector" as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**FACTS**

14. Plaintiff incurred a debt for personal, family or household purposes, i.e. medical treatment / services. Plaintiff fell on difficult economic times and did not pay the medical bill.

15. As such, Plaintiff's medical debt was in default at the time Illinois Collection Service, Inc., attempted to collect the medical debt.

16. Illinois Collection Service, Inc. uses a software/hardware system that permits it to call debtors without a human having to manually dial telephone numbers. The system is referred to herein as the "Automatic Dialer".

17. It is a practice of Illinois Collection Service, Inc. to use an Automatic Dialer.

18. Using an Automatic Dialer, Illinois Collection Service, Inc., placed a call to Plaintiff.

19. The number dialed by the Automatic Dialer corresponds with the telephone

number of Plaintiff's cellular telephone.

20.    The area code corresponding to Plaintiff's cellular telephone is (312).

21.    Illinois Collection Service, Inc. could have determined that the telephone number that was being dialed to contact Plaintiff was a cellular telephone number.  *See e.g.,* *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling*, GC Docket No. 02-278, p. 9 n. 54 (Jan 4, 2008) ("*See 2003 TCPA Order*, 18 FCC Rcd at 14117, para. 170. *See also* DMA Wireless Number Suppression List at http://preference.the-dma.org/products/ wireless.shtml. Neustar also has available a service that provides data on numbers ported from wireline to wireless service on a daily basis. *See* http://www.tcpacompliance.com/.").

22.    On or about November 11, 2009, Illinois Collection Service, Inc, left a voice message for Plaintiff.

23.    Illinois Collection Service, Inc. left the following voice message for Plaintiff:

> Hello. ICS has been trying to reach you concerning a personal business matter.  This is not a solicitation call. You can press 0 right now to speak with a live representative, or you can call back at 7-0-8-2-2-9-7-4-7-4. Our office is open, 8am to 8pm, Monday through Friday and Saturday, 8am 'til 12 noon. The number to call again is 7-0-8-2-2-9-7-4-7-4, or you press 0 to speak with a representative right now.  Thanks for your time and we look forward to your return call.

24.    The message was pre-recorded, not a live person speaking in real time.

25.    (708) 229-7474 is a telephone phone number operated by Illinois Collection Service, Inc.

26.    Illinois Collection Service, Inc. obtained Plaintiff's telephone number from a third party, not Plaintiff.

27.     The message left for Plaintiff by Illinois Collection Service, Inc, on November

11, 2009, was an attempt to collect a medical debt that was in default.

28.     Under the Health Insurance Portability and Accountability Act ("HIPAA")

Plaintiff's telephone number is considered Personal Health Information ("PHI").

29.     Under HIPAA, Illinois Collection Service, Inc is a business associate of

Plaintiff's health care provider and creditor.

30.     The U.S. Department of Health and Human Services has commented on

HIPAA's privacy requirements regarding health care providers sharing Personal Health

Information for payment purposes as follows:

> These provisions do not eliminate a covered entity's responsibility to apply
> the Privacy Rule's minimum necessary provisions to both the disclosure of
> and request for information for payment and health care operations
> purposes. In addition, the Department continues to strongly encourage the
> use of de-identified information wherever feasible.

 Standards for Privacy of Individually Identifiable Health Information, 67 FR 14776,

14783 (proposed March 27, 2002) (to be codified at 45 C.F.R. pt. 160 and 164).

31.     Under HIPAA, the de-identification of Personal Health Information includes

the removal of the individual's telephone number.  45 C.F.R. § 164.514 (b)(2)(i)(D).

32.     HIPAA contains a "minimum necessary" requirement for the amount of

Personal Health Information that may be disclosed or used as follows:

> (d)(1) *Standard: Minimum necessary requirements.* In order to comply with
> §164.502(b) and this section, a covered entity must meet the requirements of
> paragraphs (d)(2) through (d)(5) of this section with respect to a request for,
> or the use and disclosure of, protected health information.
> * * *
> (d)(3) *Implementation specification: Minimum necessary disclosures of
> protected health information.*
>
> (i) For any type of disclosure that it makes on a routine and recurring
> basis, a covered entity must implement policies and procedures (which

> may be standard protocols) that limit the protected health information
> disclosed to the amount reasonably necessary to achieve the purpose
> of the disclosure.

45 C.F.R. § 164.514(d)(1), (d)(3)(i).

33.     The minimum amount of Personal Health Information reasonably necessary to contact a consumer to demand payment does not include the consumer's telephone number.  *See e.g.* 15 U.S.C. § 1692g(a)(1)-(5) (within 5 days after the initial communication the debt collector must "send the consumer **a written notice**" containing the required disclosures.) (emphasis added).

34.     The minimum amount of Personal Health Information reasonably necessary for an attorney to file a collection suit on behalf of the attorney's creditor client against the debtor does not require the attorney to obtain or use the debtor's telephone number.

35.     Health care provider's HIPAA Notice of Privacy Rights do not generally inform the consumer that the telephone number they provide to it will be disclosed to a debt collector.  *See e.g.* The University of Chicago Medical Center, Notice of Privacy Practices, p. 2 (May 27, 2007) (emphasis in the original) (The HIPAA Privacy Notice informs the patient that their Personal Health Information would be used and shared, "[f]or example, we may share your PHI to request payment and receive payment from Medicare, Medicare, your health insurer, HMO, or other company or program that arranges or pays the cost of some or all of your health care **("Your Payor")** and to confirm that Your Payor will pay for health care.  As another example, we may share your PHI with the person who you told us is primarily responsible for paying for your Treatment, such as your spouse or parent." ).

36.     Under HIPAA, Plaintiff had the reasonable expectation that part of his Personal Health Information, his telephone number, would not be provided to a business associate, Defendant, for payment purposes.

37.     Under HIPAA, Plaintiff did not give express consent for a business associate, Defendant, to use part of his Personal Health Information, his telephone number, to contact him for payment purposes.

**COUNT I**
**FDCPA § 1692d(6) and  § 1692e(11) VIOLATIONS**

38.     Plaintiff incorporates paragraphs 1-27 above.

39.     15 U.S.C. §1692d(6) provides:

>       (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

40.     15 U.S.C. §1692e(11) provides:

>       (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

41.     Defendant's voice message to Plaintiff was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e(11). *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist.

LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24

EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

42.     Defendant's voice message above to Plaintiff did not make a meaningful

disclosure of the caller's identity.

43.     Defendant's voice message above to Plaintiff did not disclose that the

communication was from a debt collector.

44.     Defendant's voice message above to Plaintiff violated 15 U.S.C. §1692d(6).

45.     Defendant's voice message above to Plaintiff violated 15 U.S.C. § 1692e(11).

**FDCPA CLASS ALLEGATION**

46.     Plaintiff brings this FDCPA Class Allegation on behalf of a class pursuant to

FED. R. CIV. P. 23(a) and 23(b)(3).

47.     The FDCPA class consists of: (a) all natural persons with a telephone number

corresponding to the (312) area code; (b) where Illinois Collection Service, Inc., left a pre-

recorded message in the form of the pre-recorded voice message left for Plaintiff; (c) where

Illinois Collection Service, Inc.'s records do not show that the recipient of the call did not

transfer to a live representative; (d) during a period beginning one year prior to the filing

this action and ending 20 days after the filing of this action.

48.     There are questions of law and fact common to the members of the class,

which common questions predominate over any questions relating to individual class

members.

49.     The predominant question is whether the form of the pre-recorded message

above violates the FDCPA.

50.     Plaintiff's claims are typical of the claims of the class members in that the alleged violations are all based on the same form pre-recorded voice message and legal theories.

51.     The class is so numerous that joinder of all the members is impractical.

52.     On information and belief there are 40 persons who are identified by the class definition above. Typically Auto Dialers combined with a pre-recorded message are used to reach numerous persons in a short period of time.

53.     Plaintiff will fairly and adequately represent the members of the class.

54.     Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

55.     A class action is superior for the fair and efficient adjudication of this matter in that:

a.     Defendant's course of conduct affects a large group of individuals;

b.     Multiple individual actions are not judicially economical;

c.     Congress contemplated class actions as a means of enforcing the FDCPA; and

d.     The Class members are unaware that their rights have been violated.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter judgment on Count I in favor of Plaintiff and the Class and against Defendant for:

(1)     Statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit; and

(3)     Such other relief as the Court deems proper.

## COUNT II
## TCPA VIOLATION

56.     Plaintiff incorporates paragraphs 1-37 above.

57.     The Telephone Consumer Protection Act, 47 U.S.C. § 227 restricts the making

of telephone calls to cellular phones for commercial purposes that are made using "any

automatic telephone dialing system or an artificial or prerecorded voice."  TCPA §

227(b)(A)(iii).

58.     Defendant made a telephone call to plaintiff's cell phone using an automatic

telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the

TCPA.

59.     Illinois Collection Service, Inc., is a member of ACA International, the

Association of Credit and Collection Professionals ("ACA").

60.     ACA has published a guide that is available to its members that discusses

HIPAA in the context of the FDCPA.  ACA International's Guide to the Fair Debt Collection

Practices Act, Volume One: Professional Practices, 24.2 Health Insurance Portability and

Accountability Act, pp. 193-197 (2009/10 Edition) (the "ACA publication").

61.     The ACA publication makes it clear that the debt collector when using

Personal Health Information provided to it must use reasonable efforts to "limit the

information used or disclosed to the **minimum necessary** to accomplish the intended

purpose of the disclosure."  Id. p. 194 (emphasis added).

62.     Illinois Collection Service, Inc., recklessly disregarded HIPAA by not

complying with the Act's minimum necessary standard.

63.     Because of HIPAA, no express consent was given to Illinois Collection Service,

Inc., to use Plaintiff's and the class' respective cellular telephone numbers for payment

purposes.

64.     Illinois Collection Service, Inc., recklessly disregarded the TCPA in using an

Auto Dialer to call Plaintiff combined with the use of a pre-recorded message.

65.     The complained of conduct was willful.

66.     In the alternative, the complained of conduct was negligent.

### TCPA CLASS ALLEGATION

67.     Plaintiff brings this FDCPA Class Allegation on behalf of a class pursuant to

FED. R. CIV. P. 23(a) and 23(b)(3).

68.     The TCPA class consists of: (a) all natural persons with a cellular telephone

number corresponding to the (312) area code; (b) where Illinois Collection Service, Inc.,

left a pre-recorded message in the form of the pre-recorded voice message left for Plaintiff;

(c) where Illinois Collection Service, Inc.'s records do not show that the recipient of the call

did not transfer to a live representative; (d) where Illinois Collection Service, Inc was

attempting to collect a debt related to medical services or treatment; (e) where Defendant

did not have prior express consent to call such a number using such Auto Dialer

equipment; (f) during a period beginning four years prior to the filing this action and

ending 20 days after the filing of this action.

69.     There are questions of law and fact common to the members of the class,

which common questions predominate over any questions relating to individual class

members.

70.     The predominant questions are whether Defendant:

        a.      Used an automatic telephone dialing system and/or an artificial or

pre-recorded voice within the meaning of the TCPA with respect to telephone calls to class

members' cellular phones;

        b.     Whether under HIPAA does the debtor not provide express consent to a business associate, a debt collector such as Defendant, to contact the consumer using the consumer's telephone number; and

        c.     Whether such practice violates the TCPA.

71.     Plaintiff's claims are typical of the claims of the class members in that the alleged violations are all based on the same form pre-recorded voice messages left on their cellular telephone and legal theories.

72.     The class is so numerous that joinder of all the members is impractical.

73.     On information and belief there are 40 persons who are identified by the TCPA class definition above.  Typically Auto Dialers combined with a pre-recorded message are used to reach numerous persons in a short period of time.

74.     Plaintiff will fairly and adequately represent the members of the class.

75.     Plaintiff has retained experienced counsel in class action litigation.

76.     A class action is superior for the fair and efficient adjudication of this matter in that:

        a.   Defendant's course of conduct affects a large group of individuals;

        b.   Multiple individual actions are not judicially economical; and

        c.   The class members are unaware that their rights have been violated.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment on Count II in favor of Plaintiff and the Class and against Defendant for:

        (1)     Statutory damages; and

        (2)     Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
   Curtis C. Warner

Curtis C. Warner     (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that the Warner Law Firm, LLC claims a lien upon any recovery

herein for 1/3 of that amount or such an amount as the Court awards.  All rights relating to

attorney's fees have been assigned to counsel.

s/ Curtis C. Warner
   Curtis C. Warner

Curtis C. Warner     (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)