**IN THE UNTIED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES A. MITCHEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 09 C 7274 |
| | ) | |
| ILLINOIS COLLECTION SERVICE, INC. | ) | JUDGE GUZMAN |
| | ) | |
| Defendant. | ) | MAGISTRATE MASON |
| | ) | |

**ILLINOIS COLLECTION SERVICE INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

ILLINOIS COLLECTION SERVICE, INC. ("ICS") states as follows for its Answer and Affirmative Defenses to plaintiff's Complaint:

**INTRODUCTION**

1. Plaintiff, James A. Mitchem ("Plaintiff'), brings this action individually and on behalf of two classes of similarly situated persons to secure redress against unlawful practices engaged in by Defendant Illinois Collection Service, Inc., ("Defendant").

**ANSWER:** Admit that Mitchem alleges that ICS engaged in unlawful practices and that he seeks to bring his claims on behalf of two classes. Deny all remaining allegations in ¶ 1

2. Plaintiff alleges that Defendant's pre-recorded voice message left on his cell phone violated Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:** Admit that Mitchem alleges that ICS made a prerecorded message call that violated the FDCPA and TCPA. Deny that TBI violated the FDCPA, TCPA, or other laws. Deny all remaining allegations in ¶ 2.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28

U.S.C. § 1331 (Interstate Commerce); 15 U.S.C. §1692k (FDCPA), and over the TCPA claims pursuant to 47 U.S.C. § 227 ("TCPA") Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005) and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

    **ANSWER:** Admit that the Court has federal question jurisdiction of this action under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 15 U.S.C. § 1692k. Deny the remaining allegations.

4. Venue and personal jurisdiction over Defendant in this District is proper because:

    a. Plaintiff resides in the District;

    b. Defendant maintains an office in the District;

    c. Defendant transacts business in the District via the telephone lines; and

    d. Defendant's collection activities complained of occurred within the District.

    **ANSWER:** Admit that venue in this district is proper, that ICS conducts business in this district, and that ICS has an office in this district. Deny the remaining allegations in ¶ 4.

## PARTIES

5. Plaintiff is an individual who resides in the Northern District of Illinois.

    **ANSWER:** Admitted on information and belief.

6. According to Illinois Collection Service, Inc.'s website the name of Defendant's business is Illinois Collection Service, Inc, and its principal place of business located at 8231 185th Street, Tinley Park, IL 60487.

    **ANSWER:** Admit that ICS's name is Illinois Collection Service, Inc. and that its principal place of business is located at the address stated in ¶ 6. Deny the remaining allegations in ¶ 6.

7. The Illinois Secretary of State's website lists a company by the name of Illinois Collection Service, Inc, and that its registered agent and his address is John P. Cronin, 8231

185th Street, Tinley Park, IL 60487. For purposes of service of process Defendant's secretary is Jeanne H. Cronin, 8231 185th Street, Tinley Park, IL 60487.

> **ANSWER:** Admit that the Illinois Secretary of State's website states that ICS's agent is John P. Cronin, 8231 185th Street, Tinley Park, IL 60487 and that its secretary is Jeanne H. Cronin at the same address. Deny all remaining allegations in ¶ 7.

8. According to the Illinois Department of Regulation's website, Defendant is registered and is licensed as a collection agency under Illinois law under the name Illinois Collection Service Inc.

> **ANSWER:** Admit that ICS has an active collection agency license issued by the Division of Professional Regulations. Deny all remaining allegations in ¶ 8.

9. Illinois Collection Service, Inc.'s website states that it, "is a full service debt collection agency specializing in healthcare collections." http://www.ics-collection.com/services.htm

> **ANSWER:** Admit that the website states that "ICS is a full service debt collection agency specializing in healthcare collections." Deny the remaining allegations in ¶ 9.

10. Illinois Collection Service, Inc.'s website states:

> Collection Litigation: ICS has a legal team to handle client authorized litigation. Legal remedies and representation have always been a necessity in recovering unpaid accounts. ICS has an experienced collection law firm to handle your accounts effectively and represent your collection accounts in accordance with all state and federal laws and . (sic) from lawsuits, to estate, bankruptcy and special cases, ICS attorneys have over 30 years of experience in handling collection accounts.

http://www.ics-collection.com/services.htm

> **ANSWER:** Admit that ¶ 10 appears to quote from a page of ICS's website. Deny that ¶ 10 is a complete quotation of the relevant page of ICS's website. Deny all remaining allegations in ¶ 10.

6520260v1 907481 7791

11. On information and belief the statements quoted above from Illinois Collection Service, Inc.'s website are true.

> **ANSWER:** Admit that ICS's website accurately describes ICS's services and business operations. Deny all remaining allegations in ¶ 10.

12. Illinois Collection Service, Inc, is engaged in the practice of attempting to collect debts that are in default through, in part, telephone calls.

> **ANSWER:** Admit that ICS makes telephone calls to collect delinquent debts. Deny all remaining allegations in ¶ 12.

13. Illinois Collection Service, Inc, is a "debt collector" as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

> **ANSWER:** ICS admits this allegation on information and belief, based on the assumption that plaintiff incurred the debt at issue for personal or household purposes. ICS reserves the right to deny that it is a debt collector with respect to plaintiff if evidence is uncovered showing that plaintiff's debt was commercial in character.

## FACTS

14. Plaintiff incurred a debt for personal, family or household purposes, i.e. medical treatment / services. Plaintiff fell on difficult economic times and did not pay the medical bill.

> **ANSWER:** Admit the first sentence on information and belief. Admit that plaintiff defaulted on the debt. Lack information or knowledge sufficient to admit or deny the remaining allegations in ¶ 14.

15. As such, Plaintiff's medical debt was in default at the time Illinois Collection Service, Inc., attempted to collect the medical debt.

> **ANSWER:** Admitted.

16. Illinois Collection Service, Inc. uses a software/hardware system that permits it to call debtors without a human having to manually dial telephone numbers. The system is referred to herein as the "Automatic Dialer".

6520260v1 907481 7791

 **ANSWER:** Admit that ICS's dialing system can dial telephone numbers from a list of numbers selected from ICS's database according to user defined criteria. Admit that when phone numbers on such a list are dialed by the dialing software a human being does not have to manually dial the number. Deny all remaining allegations in ¶ 16.

17. It is a practice of Illinois Collection Service, Inc. to use an Automatic Dialer.

 **ANSWER:** Admit that ICS using a dialing system as described in the response to ¶ 16. Deny all remaining allegations in ¶ 17.

18. Using an Automatic Dialer, Illinois Collection Service, Inc., placed a call to Plaintiff.

 **ANSWER:** Admit that ICS called plaintiff using a dialing system that meets the description given in response to ¶ 16 above. Deny the remaining allegations.

19. The number dialed by the Automatic Dialer corresponds with the telephone number of Plaintiffs cellular telephone.

 **ANSWER:** Lack information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 19. Further answering, ICS states that the number it dialed when it called Mitchem was the number Mitchem provided to his creditor.

20. The area code corresponding to Plaintiffs cellular telephone is (312).

 **ANSWER:** Lack information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 20.

21. Illinois Collection Service, Inc. could have determined that the telephone number that was being dialed to contact Plaintiff was a cellular telephone number. See e.g., In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling, GC Docket No. 02-278, p. 9 n. 54 (Jan 4, 2008) ("See 2003 TCPA Order, 18 FCC Rcd at 14117, para. 170. See also DMA Wireless Number Suppression List at http://preference.the-dma.org/products/ wireless.shtml. Neustar also

6520260v1 907481 7791

has available a service that provides data on numbers ported from wireline to wireless service on a daily basis. See http://www.tcpacompliance.com/.").

    **ANSWER:**    Lack information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 21.

22.    On or about November 11, 2009, Illinois Collection Service, Inc, left a voice message for Plaintiff.

    **ANSWER:**    Admitted.

23.    Illinois Collection Service, Inc. left the following voice message for Plaintiff:

> Hello. ICS has been trying to reach you concerning a personal business matter. This is not a solicitation call. You can press 0 right now to speak with a live representative, or you can call back at 7-0-8-2-2-9-7-4-7-4. Our office is open, 8am to 8pm, Monday through Friday and Saturday, Barn 'til 12 noon. The number to call again is 7-0-8-2-2-9-7-4-7-4, or you press 0 to speak with a representative right now. Thanks for your time and we look forward to your return call.

    **ANSWER:**    Admit that ¶ 23 appears to quote the message ICS left for plaintiff. Deny the allegations of ¶ 23 to the extent they are inconsistent with the message. Deny all remaining allegations in ¶ 23.

24.    The message was pre-recorded, not a live person speaking in real time.

    **ANSWER:**    Admitted.

25.    (708) 229-7474 is a telephone phone number operated by Illinois Collection Service, Inc.

    **ANSWER:**    Admit that 708-229-7474 is a phone number used by ICS. Deny the remaining allegations in ¶ 25.

26.    Illinois Collection Service, Inc. obtained Plaintiffs telephone number from a third party, not Plaintiff.

    **ANSWER:**    Admit that ICS obtained the number from plaintiff's creditor. Deny the remaining allegations in ¶ 26.

27. The message left for Plaintiff by Illinois Collection Service, Inc, on November 11, 2009, was an attempt to collect a medical debt that was in default.

**ANSWER:** Admitted.

28. Under the Health Insurance Portability and Accountability Act ("HIPAA") Plaintiffs telephone number is considered Personal Health Information ("PHI").

**ANSWER:** Denied.

29. Under HIPAA, Illinois Collection Service, Inc is a business associate of Plaintiffs health care provider and creditor.

**ANSWER:** Admit that ICS is a "business associate" of plaintiff's creditor. Deny the remaining allegations in ¶ 29.

30. The U.S. Department of Health and Human Services has commented on HIPAA's privacy requirements regarding health care providers sharing Personal Health Information for payment purposes as follows:

> These provisions do not eliminate a covered entity's responsibility to apply the Privacy Rule's minimum necessary provisions to both the disclosure of and request for information for payment and health care operations purposes. In addition, the Department continues to strongly encourage the use of de-identified information wherever feasible.

Standards for Privacy of Individually Identifiable Health Information, 67 FR 14776, 14783 (proposed March 27, 2002) (to be codified at 45 C.F.R. pt 160 and 164).

**ANSWER:** Admit that ¶ 30 appears to accurately quote one passage in the notice of the proposed rule. Deny all remaining allegations in ¶ 30.

31. Under HIPAA, the de-identification of Personal Health Information includes the removal of the individual's telephone number. 45 C.F.R. § 164.514(b)(2)(1)(D).

**ANSWER:** Denied.

32. HIPAA contains a "minimum necessary" requirement for the amount of Personal Health Information that may be disclosed or used as follows:

> (d)(1) Standard: Minimum necessary requirements. In order to comply with §164.502(b) and this section, a covered entity must meet the requirements of paragraphs (d)(2) through (d)(5) of this section with respect to a request for, or the use and disclosure of, protected health information.
>
> * * *
>
> (d) (3) Implementation specification: Minimum necessary disclosures of protected health information.
>
>> (i) For any type of disclosure that it makes on a routine and recurring basis, a covered entity must implement policies and procedures (which may be standard protocols) that limit the protected health information disclosed to the amount reasonably necessary to achieve the purpose of the disclosure.
>
> 45 C.F.R. § 164.514(d)(1), (d)(3)(i).

**ANSWER:** Admit that ¶ 32 appears to accurately quote portions of 45 C.F.R. § 164.514(d). Deny all remaining allegations in ¶ 32.

33. The minimum amount of Personal Health Information reasonably necessary to contact a consumer to demand payment does not include the consumer's telephone number. See e.g. 15 U.S.C. § 1692g(a)(1)-(5) (within 5 days after the initial communication the debt collector must "send the consumer **a written notice**" containing the required disclosures.) (emphasis added).

**ANSWER:** Denied.

34. The minimum amount of Personal Health Information reasonably necessary for an attorney to file a collection suit on behalf of the attorney's creditor client against the debtor does not require the attorney to obtain or use the debtor's telephone number.

**ANSWER:** Denied.

6520260v1 907481 7791

35. Health care provider's HIPAA Notice of Privacy Rights do not generally inform the consumer that the telephone number they provide to it will be disclosed to a debt collector. See e.g. The University of Chicago Medical Center, Notice of Privacy Practices, p. 2 (May 27, 2007) (emphasis in the original) (The HIPAA Privacy Notice informs the patient that their Personal Health Information would be used and shared, "(for example, we may share your PHI to request payment and receive payment from Medicare, Medicare, your health insurer, HMO, or other company or program that arranges or pays the cost of some or all of your health care (**"Your Payor"**) and to confirm that Your Payor will pay for health care. As another example, we may share your PHI with the person who you told us is primarily responsible for paying for your Treatment, such as your spouse or parent" ).

**ANSWER:** Denied.

36. Under HIPAA, Plaintiff had the reasonable expectation that part of his Personal Health Information, his telephone number, would not be provided to a business associate, Defendant, for payment purposes.

**ANSWER:** Denied.

37. Under HIPAA, Plaintiff did not give express consent for a business associate, Defendant, to use part of his Personal Health Information, his telephone number, to contact him for payment purposes.

**ANSWER:** Denied.

## COUNT I

FDCPA § 1692d(6) and § 1692e(11) VIOLATIONS

38. Plaintiff incorporates paragraphs 1-27 above.

**ANSWER:** ICS restates its responses to ¶¶ 1-27.

39. 15 U.S.C. §1692d(6) provides:

    (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

**ANSWER:** Admit that ¶ 39 appears to accurately quote § 1692d(6). Deny the remaining allegations in ¶ 39.

40.    15 U.S.C. §1692e(11) provides:

    (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

**ANSWER:** Admit that ¶ 40 appears to accurately quote § 1692d(6). Deny the remaining allegations in ¶ 40.

41.    Defendant's voice message to Plaintiff was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e(11). *Ramirez v. Apex Fin. Mgt, LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacInVre Cos.*, 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.*, 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC*, 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Ben v. Litton Loan Servicing*, LP, 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

**ANSWER:** Denied.

42.    Defendant's voice message above to Plaintiff did not make a meaningful disclosure of the caller's identity.

**ANSWER:** Denied.

43. Defendant's voice message above to Plaintiff did not disclose that the communication was from a debt collector.

**ANSWER:** Denied.

44. Defendant's voice message above to Plaintiff violated 15 U.S.C. §1692d(6).

**ANSWER:** Denied.

45. Defendant's voice message above to Plaintiff violated 15 U.S.C. § 1692e(11).

**ANSWER:** Denied.

## FDCPA CLASS ALLEGATION

46. Plaintiff brings this FDCPA Class Allegation on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

**ANSWER:** Admit that plaintiff purports to bring this claim on behalf of the class defined in ¶ 47. Deny that a class exists or that a class should be certified. Deny all remaining allegations in ¶ 46.

47. The FDCPA class consists of: (a) all natural persons with a telephone number corresponding to the (312) area code; (b) where Illinois Collection Service, Inc., left a prerecorded message in the form of the pre-recorded voice message left for Plaintiff; (c) where Illinois Collection Service, Inc.'s records do not show that the recipient of the call did not transfer to a live representative; (d) during a period beginning one year prior to the filing this action and ending 20 days after the filing of this action.

**ANSWER:** Admit that plaintiff purports to bring this claim on behalf of the class defined in ¶ 47. Deny that a class exists or that a class should be certified. Deny all remaining allegations in ¶ 47.

48. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

**ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

6520260v1 907481 7791

49. The predominant question is whether the form of the pre-recorded message above violates the FDCPA.

    **ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

50. Plaintiff's claims are typical of the claims of the class members in that the alleged violations are all based on the same form pre-recorded voice message and legal theories.

    **ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

51. The class is so numerous that joinder of all the members is impractical.

    **ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

52. On information and belief there are 40 persons who are identified by the class definition above. Typically Auto Dialers combined with a pre-recorded message are used to reach numerous persons in a short period of time.

    **ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

53. Plaintiff will fairly and adequately represent the members of the class.

    **ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

54. Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

    **ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

55. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Defendant's course of conduct affects a large group of individuals;

    b. Multiple individual actions are not judicially economical;

      c.      Congress contemplated class actions as a means of enforcing the FDCPA; and

      d.      The Class members are unaware that their rights have been violated.

**ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

## COUNT II

## TCPA VIOLATION

56. Plaintiff incorporates paragraphs 1-37 above.

**ANSWER:** ICS restates its responses to ¶¶ 1-37.

57. The Telephone Consumer Protection Act, 47 U.S.C. § 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice." TCPA § 227(b)(A)(iii).

**ANSWER:** Admit that plaintiff purports to quote and summarize § 227(b)(1)(A)(iii). Deny all remaining allegations in ¶ 57.

58. Defendant made a telephone call to plaintiff's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

**ANSWER:** Denied.

59. Illinois Collection Service, Inc., is a member of ACA International, the Association of Credit and Collection Professionals ("ACA").

**ANSWER:** Admitted.

60. ACA has published a guide that is available to its members that discusses HIPAA in the context of the FDCPA. ACA International's Guide to the Fair Debt Collection Practices Act, Volume One: Professional Practices, 24.2 Health Insurance Portability and Accountability Act, pp. 193-197 (2009/10 Edition) (the "ACA publication").

13

    **ANSWER:**    Admit that ACA's Guide to the FDCPA discusses HIPAA. Deny the remaining allegations in ¶ 60.

61.    The ACA publication makes it clear that the debt collector when using Personal Health Information provided to it must use reasonable efforts to "limit the information used or disclosed to the **minimum necessary** to accomplish the intended purpose of the disclosure." J. p. 194 (emphasis added).

    **ANSWER:**    Admit that the ACA's Guide to the FDCPA discusses HIPAA. Deny the remaining allegations in ¶ 60, including any allegation that ICS violated HIPAA.

62.    Illinois Collection Service, Inc., recklessly disregarded HIPAA by not complying with the Act's minimum necessary standard.

    **ANSWER:**    Denied.

63.    Because of HIPAA, no express consent was given to Illinois Collection Service, Inc., to use Plaintiff's and the class' respective cellular telephone numbers for payment purposes.

    **ANSWER:**    Denied.

64.    Illinois Collection Service, Inc., recklessly disregarded the TCPA in using an Auto Dialer to call Plaintiff combined with the use of a pre-recorded message.

    **ANSWER:**    Denied.

65.    The complained of conduct was willful.

    **ANSWER:**    Denied.

66.    In the alternative, the complained of conduct was negligent.

    **ANSWER:**    Denied.

## TCPA CLASS ALLEGATION

67.    Plaintiff brings this FDCPA Class Allegation on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

6520260v1 907481 7791

**ANSWER:** Admit that plaintiff purports to bring the TCPA claim on behalf of the class defined in ¶ 68. Deny that a class exists or that a class should be certified. Deny all remaining allegations in ¶ 67.

68. The TCPA class consists of: (a) all natural persons with a cellular telephone number corresponding to the (312) area code; (b) where Illinois Collection Service, Inc., left a pre-recorded message in the form of the pre-recorded voice message left for Plaintiff; (c) where Illinois Collection Service, Inc.'s records do not show that the recipient of the call did not transfer to a live representative; (d) where Illinois Collection Service, Inc was attempting to collect a debt related to medical services or treatment; (e) where Defendant did not have prior express consent to call such a number using such Auto Dialer equipment; (f) during a period beginning four years prior to the filing this action and ending 20 days after the filing of this action.

**ANSWER:** Admit that plaintiff purports to bring the TCPA claim on behalf of the class defined in ¶ 68. Deny that a class exists or that a class should be certified. Deny all remaining allegations in ¶ 68.

69. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

**ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

70. The predominant questions are whether Defendant:

    a. Used an automatic telephone dialing system and/or an artificial or pre-recorded voice within the meaning of the TCPA with respect to telephone calls to class members' cellular phones;

    b. Whether under HIPAA does the debtor not provide express consent to a business associate, a debt collector such as Defendant, to contact the consumer using the consumer's telephone number; and

      c.     Whether such practice violates the TCPA.

**ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

71. Plaintiffs claims are typical of the claims of the class members in that the alleged violations are all based on the same form pre-recorded voice messages left on their cellular telephone and legal theories.

**ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

72. The class is so numerous that joinder of all the members is impractical.

**ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

73. On information and belief there are 40 persons who are identified by the TCPA class definition above. Typically Auto Dialers combined with a pre-recorded message are used to reach numerous persons in a short period of time.

**ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

74. Plaintiff will fairly and adequately represent the members of the class.

**ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

75. Plaintiff has retained experienced counsel in class action litigation.

**ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

76. A class action is superior for the fair and efficient adjudication of this matter in that:

      a.     Defendant's course of conduct affects a large group of individuals;

      b.     Multiple individual actions are not judicially economical; and

      c.      The class members are unaware that their rights have been violated.

**ANSWER:** Deny that a class exists or that a class should be certified. Deny all remaining allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. If ICS violated the FDCPA, which ICS denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. ICS did not intend to place calls without disclosing its identity or without disclosing the purpose of the calls as required by the TCPA. ICS's policy is to ensure that the purpose of its calls is disclosed and its identity is disclosed as required by the FDCPA.

### SECOND AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

1. Plaintiff consented to receive prerecorded message calls and auto-dialed calls on his cell phone by providing his cell phone number to the creditor. 47 U.S.C. § 227(b)(1); Federal Communications Commission Declaratory Ruling, FCC 07-232, ¶ 9.

2. This affirmative defense is asserted in the alternative to the argument that lack of consent is an element of a TCPA claim.

### FOURTH AFFIRMATIVE DEFENSE

1. The TCPA regulates calls made to cell phones using an "automatic telephone dialing system," which is defined as:

equipment which has the capacity—

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

17

(B) to dial such numbers. 47 U.S.C. § 227(a).

2.      ICS's telephone system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers.

3.      Because ICS did not use an "automatic telephone dialing system" within the meaning of the TCPA, ICS did not violate the TCPA.

## **FIFTH AFFIRMATIVE DEFENSE**

1.      The TCPA allows a person to recover actual damages resulting from a violation of the statute or to receive $500.00 per violation, whichever is greater. The TCPA provides for the trebling damages if the violation was willful.

2.      If for the sake of argument a TCPA class were certified and the class contained several thousand people, ICS's liability to the class could potentially be so great as to result in its insolvency.

3.      The due process clause of the Fifth Amendment to the U.S. Constitution prohibits an award of damages that would result in TBI's insolvency, especially where, as here, the conduct that allegedly violated the TCPA did not cause actual injury or damages to the plaintiff or class members.

WHEREFORE, Defendant, ILLINOIS COLLECTION SERVICE, INC., respectfully requests that this Honorable Court deny the relief sought in Plaintiff's Complaint, enter judgment in defendant's favor and against plaintiff, deny class certification and dismiss the class claims without prejudice, and award defendants its costs.

6520260v1 907481 7791

| | |
|---|---|
| David M. Schultz | ILLINOIS COLLECTION SERVICE, INC. |
| Peter E. Pederson | |
| HINSHAW & CULBERTSON LLP | |
| 222 N. LaSalle Street | By: /s/ Peter E. Pederson |
| Suite 300 | One of its Attorneys |
| Chicago, Illinois 60601 | |
| (312) 704-3000 | |
| **Fax:** (312) 704-3001 | |
| dschultz@hinshawlaw.com | |
| ppederson@hinshawlaw.com | |

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on January 11, 2010, he served this document by filing it with the Court's CM/ECF system, which will make copies of the documents available to all counsel of record.

/s/ Peter E. Pederson

**Service List**

Curtis C. Warner, Esq.
cwarner@warnerlawllc.com
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, IL 60601
312-238-9820 (telephone)