IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS COLLECTION SERVICE, INC.,<br><br>Defendant. | 09 C 7274<br><br>Judge Guzmán |

**NOTICE MAILING AFFIDAVIT OF RACHEL L.B. STOERING OF ANALYTICS, INC.**

RACHEL L.B. STOERING, being first duly sworn upon oath, states as follows:

1. I am a Senior Consultant for Analytics, Incorporated ("Analytics"), with offices at 18750 Lake Drive East, Chanhassen, Minnesota. Analytics was contracted by Counsel for Plaintiff and the Class in the above-referenced action to cause notice to be sent to the Class Members via US Mail per the Court's January 14, 2011 Minute Entry granting Plaintiff's Motion for the Entry of an Order to Send Notice to the Class. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to the facts set forth in this Affidavit.

2. As set forth in detail below, Analytics mailed the Notice of Pendency of Class Action ("Notice") to potential Class Members.

## **NOTICE MAILING SUMMARY**

3. Pursuant to the contract with Counsel for Plaintiff and the Class, Analytics was responsible for disseminating the Notices to potential Class Members.

4. Analytics received, on January 21, 2011, from Curtis C. Warner of Warner Law Firm, LLC, Counsel for the Plaintiff and the Class ("Counsel"), Defendant's list of Class Members containing four hundred fifty-one (451) names, addresses, and number of calls received. There was no other identifying information provided, such as social security number or date of birth.

5. On January 26, 2011, my team standardized Class Members' addresses and updated the mailing list by running it through the National Change of Address database, consistent with industry practice. There were a total of twenty-four (24) records with missing addresses.

6. Analytics received, on January 26, 2011, from Counsel, a list of the twenty-three (23) missing Class Member addresses. There was one Class Member, whose address was not provided by the Defendant and there was other identifying information provided to locate the missing Class Member. My team ran the updated names and addresses through the National Change of Address database and standardized the addresses, consistent with the initial list.

7. On February 1, 2011, my team finalized formatting of the Notice and mailing envelope. The formatting of the Notice was done in a manner consistent with industry practice, with a focus on ease of use and readability. Counsel reviewed and approved proofs of the Notice and mailing envelope. These documents were printed on February 2, 2011 in preparation for the initial mailing.

8. On February 3, 2011, after removal of three duplicate names, my team caused four hundred forty-seven (447) Notices to be mailed to Class Members. The Notices were mailed via first-class mail.

9. A copy of the Notice as mailed is attached hereto as Exhibit A.

10. In the aggregate, Analytics has mailed or caused to be mailed a total of four hundred forty seven (447) Notices as of February 3, 2011. As a result of these mailings, Analytics received returned mail from the U.S. Postal Service. As of March 2, 2011, 11 Notices were returned with forwarding addresses. These Notices were promptly re-mailed to the updated address. In addition, 78 Notices were returned as undeliverable without a forwarding address.

_____
Rachel L.B. Stoering

Subscribed and sworn to before me
this 2ND day of March 2011.

_____
Notary Public



JESSICA R. BANG
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2012

# EXHIBIT A

IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons, Plaintiff, v. ILLINOIS COLLECTION SERVICE, INC., Defendant. | 09 C 7274 Judge Guzmán |

## NOTICE OF PENDENCY OF CLASS ACTION

TO: All persons called by Illinois Collection Service, Inc., using an automatic telephone dialing system with a prerecorded voice message that left a prerecorded message in the form received by Plaintiff, where the call was placed to the person's cellular telephone number corresponding to the (312) area code from November 19, 2005 though December 9, 2009, in an attempt to collect a medical debt, and where Illinois Collection Service, Inc.'s records show that it obtained the person's cellular telephone number from that person's health care provider. Excluded from the class are persons who Defendant's records show that they gave consent directly to Defendant to call their cellular telephone number corresponding to the (312) area code prior to Defendant first placing a call with its automatic telephone dialing system and left a prerecorded voice message in the form received by Plaintiff.

**PLEASE READ THIS NOTICE CAREFULLY,
IT MAY AFFECT YOUR LEGAL RIGHTS**

**THIS IS NOT A LAWSUIT THAT HAS BEEN FILED AGAINST YOU**, it is notification that you are a member of a Plaintiff class (the "Class") in this lawsuit filed against Defendant Illinois Collection Service, Inc. ("Defendant") in the United States District Court for the Northern District of Illinois (the "Lawsuit") and the Court has issued an Order that this Notice is to be sent to you.

The purpose of this Notice is to explain to you:

1. What the Lawsuit is about;
2. Your Rights as a Class Member;
3. Further Court Proceedings; and
4. How to Obtain More Information.

### 1. What is the Lawsuit About?

The Lawsuit claims that Illinois Collection Services ("Defendant") used an automatic dialer with a prerecorded message and called the class members to collect a medical debt without express prior consent in violation of the Telephone

Consumer Protection Act. Plaintiff has sought statutory damages only under the Act in the amount of $500, trebled if a willful violation is found, for each automated call Defendant placed to his and each class member's cell phone. Defendant denies these allegations and has asserted several defenses. The Court has not decided whether Plaintiff or Defendant is right.

### 2. What are my Rights as a Class Member?

On January 3, 2011, the Court certified the class as follows:

> All persons called by Illinois Collection Service, Inc., using an automatic telephone dialing system with a prerecorded voice message that left a prerecorded message in the form received by Plaintiff, where the call was placed to the person's cellular telephone number corresponding to the (312) area code from November 19, 2005 though December 9, 2009, in an attempt to collect a medical debt, and where Illinois Collection Service, Inc.'s records show that it obtained the person's cellular telephone number from that person's health care provider. Excluded from the class are persons who Defendant's records show that they gave consent directly to Defendant to call their cellular telephone number corresponding to the (312) area code prior to Defendant first placing a call with its automatic telephone dialing system and left a prerecorded voice message in the form received by Plaintiff.

The Court has approved of James A. Mitchem as the class representative and has approved of Curtis C. Warner and Warner Law Firm, LLC, 155 N. Michigan Ave., Ste. 560, Chicago, IL 60601, (312) 238-9820 as counsel for the class.

a. You have been identified as a class member by Defendant's records and you have the right to choose to stay in the class or to opt-out. If you which to remain in the Class, you do not need to take any action. If you stay in the Class, you will be legally bound by all orders and judgments on the Court, and you will not be able to sue, or continue to sue Defendant in any lawsuit related to its use of its automatic dialer with a prerecorded message to collect a medical debt. You have the right to hire your own attorney. The Court has already appointed Curtis C. Warner of Warner Law Firm, LLC, 155 N. Michigan Ave., Ste. 560, Chicago, IL 60601, as counsel for the class.

b. If you do not wish to remain in the class, you must make your request in writing and must send it to the counsel above at Warner Law Firm, LLC, 155 N. Michigan Ave., Ste. 560, Chicago, IL 60601, by first class mail **postmarked no later than March 14, 2011**. If you exclude yourself from the Class, you will not be able to participate in any settlement or favorable judgment in the Lawsuit, but you will also not be bound by any unfavorable judgment.

### 3. Further Court Proceedings.

The Court will decide the parties' summary judgment motions and has not scheduled a trial date. On summary judgment or at trial, either party could win on the merits.

### 4. How do I get More Information?

This Notice does not fully describe all of the claims and defenses of the parties. A copy of all pleadings regarding this case are available at the Court's Clerk's Office located on the 20th floor, 219 S. Dearborn St., Chicago, IL 60604. A copy of this Notice, the Complaint, Defendant's Answer, and the Court's Memorandum and Opinions, and Order regarding class certification are available for download at www.warnerlawllc.com under the Class Action Notices tab. Additionally for more details you can call Counsel for Plaintiff and the Class at (312) 238-9820.

**PLEASE DO NOT CALL THE JUDGE OR DEFENDANT**