IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons, ) ) ) Plaintiff, ) v. ) ) ILLINOIS COLLECTION SERVICE, INC., ) ) Defendant. ) | Case No.: 09 C 7274 Judge Guzmán Magistrate Judge Valdez |

**MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT AGREEMENT**

Plaintiff, JAMES A. MITCHEM ("Plaintiff"), individually, and as representative of the class of persons defined below in ¶ 4(a) ("Class"), and Defendant, ILLINOIS COLLECTION SERVICE, INC. ("ICS"), request that this Court enter an order (i) granting preliminary approval to the Class Settlement Agreement ("Agreement") attached as Exhibit A; (ii) approving the form of the Class Notice attached as Exhibit 1, (iii) designating Warner Law Firm, LLC as Class Counsel; and (iv) setting dates for opt-outs, objections, return of claim forms and a hearing for final approval of the Agreement. A copy of the proposed preliminary approval order is attached as Exhibit 2.

1. Plaintiff alleges that Defendant: (1) engaged in false and misleading collection practices, and thereby violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, by failing to make proper disclosure of its identity in calls made to Plaintiff and the Class; and (2) used an automatic telephone dialing system and/or an artifical or prerecorded voice to call debtors' cell phones, thereby violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. After arms-length discussion, the parties reached an agreement to settle Plaintiff's FDCPA claims, as set forth in the Agreement. Exhibit A. Plaintiff, individually, and the

members of the Class, do not, however, release the claims they allegedly have under the TCPA, and such claims are not addressed by this Settlement Agreement.

3. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsel's review and analysis, the parties have entered into the Agreement.

4. The parties desire to settle and compromise the litigation with respect to claims under the FDCPA on the terms and conditions embodied in the Agreement and agree as follows**:**

    a. <u>Class Certification</u>. The parties have stipulated to certification of the following class ("FDCPA Class") for settlement purposes only.

        (a) all natural persons with a telephone number corresponding to the (312) area code; (b) where Illinois Collection Service, Inc., left a prerecorded message in the form of the prerecorded voice message left for Plaintiff; (c) where Illinois Collection Service, Inc.'s records do show that the recipient of the call did not transfer to a live representative; (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action [November 19, 2008 to December 9, 2009].

        Defendant estimates based on its electronic records that about 830 people are in the Class.

    b. <u>Relief to Plaintiff</u>**.** Defendant agrees to pay $1,000.00 to Plaintiff for his FDCPA claims only.

    c. <u>Class Recovery.</u> Defendant will create a class settlement fund of $3,000.00 ("Class Recovery"), which a settlement administrator will distribute *pro rata* among Class Members who do not exclude themselves and who timely return a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class recovery by check. Checks issued to Claimants will be void after 60 days. If any portion of the Class Recovery remains 30 days after the void date on the Claimants' checks, these remaining funds will be donated in the form of a *cy pres* award to the **Chicago Volunteer Legal Services Foundation**.

    d.    <u>Attorneys' Fees and Costs</u>. Subject to the Court's approval, Defendant shall pay counsel for Plaintiff and the FDCPA Settlement Class, Warner Law Firm, LLC, $7,500.00, as reasonable attorneys' fees and costs incurred with respect to the FDCPA claims.

    e.    <u>Class Notice</u>. Within 30 days of entry of the Preliminary Approval Order, Defendant shall cause actual notice, in the form of <u>Exhibit 1</u> to the Agreement, to be mailed to the last known addresses of the members of the Class, according to Defendant's records. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendant shall cause any such returned notice to be forwarded to the address provided to Defendant within four business days of receipt. If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for two years thereafter, and may destroy them after that period.

    f.    <u>Class Members' Right to Opt Out</u>. Any Class Member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Class Member who opts out of the Class and Agreement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

5. Based on experience, Class Counsel expects that between 10-20% of the class members will submit claim forms. As there are approximately 830 Class members, if 10% of the Class Members return a claim form, each Claimant will receive about $36.14. If 20% return a claim form, each Claimant will receive about $18.07.

6. The FDCPA caps a class's recovery at 1% of the debt collector's net worth. The only entity that acted as a debt collector in this case was ICS, and its net worth would allow for a maximum class recovery of $1,239.99. The Class Recovery under the Agreement exceeds what could be obtained if Plaintiff prevailed at trial by 242%. Therefore, Class Counsel believe that the Agreement is fair and reasonable, would be in the best interest of the Class members, and should be approved by the Court.

7. Defendant disclosed information relevant to the requirements of FED. R. CIV. P. 23, including the size of the putative FDCPA class, which the parties have relied upon in

reaching the Agreement and in bringing this motion. The proposed Agreement meets all of the requirements of Rule 23:

    a.    <u>Numerosity</u>. The Class, having an estimated 830 members, satisfies the numerosity requirement. of Rule 23(a)(1). *See Swanson v. American Consumer Industries, Inc.,* 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); *see also* Newberg on Class Actions, 3rd Ed. Sec. 3.05, at 3-25.

    b.    <u>Commonality</u>. "The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992). The Class members have claims based on a prerecorded message left by ICS.

    c.    <u>Typicality</u>. The "typicality" requirement of Rule 23(a)(3) is satisfied for the reasons that the "commonality" requirement of Rule 23(a)(2) is met. *De La Fuente v. Stokley-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1993).

    d.    <u>Adequacy of Representation</u>. Plaintiff's counsel is experienced in class action and FDCPA litigation. In addition, Plaintiff has no interests which are antagonistic to the Class Members with respect to the FDCPA claims. Plaintiff has engaged in discovery to determine the value of the claims and has negotiated a settlement that provides in excess of the maximum recovery provided for by the FDCPA to the Class. Therefore, Plaintiff and his counsel satisfy the adequacy of representation requirement embodied in Rule 23(a)(4).

    e.    <u>Predominance and Superiority</u>. Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Both of these requirements are satisfied in the present case.

8.    Plaintiff and defendant request that the Court set the following schedule for the proposed Agreement:

    a.    Class Notice (<u>Exhibit 1</u>) is to be mailed within 30 days of entry of the Preliminary Approval Order, by _____, 2011;

    b.    Class members shall have until \_\_\_\_\_ **[45 days after the initial mailing of the notice]** to exclude themselves from or object to the proposed settlement. Any class members desiring to exclude themselves from the action must file their request for exclusion with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the

      case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of a settlement. The request for exclusion or objection must be postmarked by ____, 45 days after the initial mailing of the class notice.

c.     To receive a portion of the Class Recovery, the class members must complete, return, and postmark a claim form by _____ **[45 days after the initial mailing of the notice]**. The claim form will be sent with the class notice.

d.     A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on _____ (*90 days from the entry of the preliminary approval order*) at _____ a.m./p.m.

9.     In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the parties, the parties intend for the Settlement Agreement to Control, subject to Court approval.

WHEREFORE, the parties respectfully request that the Court enter an order in the form of <u>Exhibit 2</u> to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) directs the mailing of the notice, in the form of <u>Exhibit 1</u> to the Agreement, and (iii) sets dates for opt-outs, objections, and schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

Curtis C. Warner, Esq.  
<cwarner@warnerlawllc.com>  
Millennium Park Plaza  
155 N. Michigan Ave. Ste. 560  
Chicago, IL 60601  
312-238-9820 (telephone)

Respectfully submitted,

JAMES. A. MITCHEM

By: /s/ Curtis C. Warner  
      One of his Attorneys

130081978v1 0907481 07791

| | |
|---|---|
| David M. Schultz<br>Peter E. Pederson<br>Avanti Bakane<br>HINSHAW & CULBERTSON LLP<br>222 N. LaSalle Street<br>Suite 300<br>Chicago, Illinois  60601<br>(312) 704-3000<br>**Fax:**  (312) 704-3001<br>dschultz@hinshawlaw.com<br>ppederson@hinshawlaw.com<br>abakane@hinshawlaw.com | Respectfully submitted,<br><br>ILLINOIS COLLECTION SERVICE, INC.<br><br><br>By:  /s/ Peter E. Pederson<br>      One of its Attorneys |