# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 09 C 7274 |
| v. | ) ) | Judge Guzmán |
| ILLINOIS COLLECTION SERVICE, INC., | ) ) | Magistrate Judge Valdez |
| Defendant. | ) | |

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1. **Parties.** Defendant, ILLINOIS COLLECTION SERVICE, INC. ("ICS"), and Plaintiff, JAMES A. MITCHEM ("Plaintiff") individually, and as representative of the class of persons defined below in ¶ 9 (the "FDCPA Settlement Class"), enter into this Settlement Agreement as to only Count I of Plaintiff's and the Class's claims arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, (the "Agreement")

2. **Nature of litigation pertinent to this Agreement.** Plaintiff, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *James A. Mitchem v. Illinois Collection Service, Inc.*, Case No. 09 C 7274 (the "Litigation"), alleging in pertinent part for the purpose of this Agreement that ICS engaged in false and misleading collection practices, and thereby violated the FDCPA by failing to make proper disclosure of its identity in prerecorded messages left for Plaintiff and the Class. The specific form of prerecorded message which is the subject of Plaintiff's FDCPA and this Agreement ("the Prerecorded Message") is as follows:

> Hello. ICS has been trying to reach you concerning a personal business matter. This is not a solicitation call. You can press 0 right now to speak with a live representative, or you can call back at 7-0-8-2-2-9-7-4-7-4. Our office is open, 8am to 8pm, Monday through Friday and Saturday, 8am 'til 12 noon. The number to call again is 7-0-8-2-2-9-7-4-7-4, or you press 0 to speak with a representative right now. Thanks for your time

and we look forward to your return call.

3.    **Denial of Liability.**    Defendant denies violating the FDCPA and denies all liability to Plaintiff and the FDCPA Settlement Class. Defendant ICS desires to settle the claims brought under the FDCPA solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to Prerecorded Message that have been asserted by Plaintiff and the FDCPA Settlement Class against ICS in the Litigation.

4.    Plaintiff, individually and on behalf of the Class, desires to settle his claims arising under the FDCPA only against ICS, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

5.    Plaintiff's counsel has investigated the facts and the applicable law.  Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the FDCPA Settlement Class to enter into this Agreement.

6.    In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, and ICS agree to settle the claims of the Plaintiff and the FDCPA Settlement Class arising from the Prerecorded Message, subject to the Court's approval, on the following terms and conditions.

7.    This Agreement EXPRESSLY DOES NOT apply to or include Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA") or the TCPA claims of the class ("the TCPA Class") that the Court certified in a Memorandum Opinion and Order dated January 3, 2011.

**TERMS**

8. **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the FDCPA Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses Plaintiff and the FDCPA Settlement Class members' FDCPA claims alleged in Count I of the Complaint against Defendant with prejudice (the TCPA claims alleged in Count II of the Complaint shall not be dismissed as part of this Agreement); and (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

9. **Certification of Class**. For the purposes of settlement, the parties stipulate to the certification of the FDCPA Settlement Class, which is defined as:

> (a) all natural persons with a telephone number corresponding to the (312) area code; (b) where Illinois Collection Service, Inc., left a prerecorded message in the form of the prerecorded voice message left for Plaintiff; (c) where Illinois Collection Service, Inc.'s records do show that the recipient of the call did not transfer to a live representative; (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action [November 19, 2008 to December 9, 2009].

ICS estimates based on its electronic records that about 830 people are in the FDCPA Class.

10. **Relief to Plaintiff and the FDCPA Settlement Class.** Defendant shall provide the following relief to Plaintiff and the FDCPA Settlement Class.

> a. For the FDCPA Settlement claims only, Defendant will create a class settlement fund of $3,000.00 ("Class Recovery"), which a settlement administrator will distribute *pro rata* among FDCPA Settlement Class Members who do not exclude themselves and who timely return a claim form ("Claimants"). Claimants will

3

receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void after 60 days. If any portion of the FDCPA Settlement Class Recovery remains 30 days after the void date on the Claimants' checks, these remaining funds will be donated in the form of a *cy pres* award to the Chicago Volunteer Legal Services Foundation;

b.  Defendant shall pay $1,000.00 to Plaintiff for his FDCPA claims only;

c.  Defendant shall pay all costs associated with the notice under this class settlement and the costs of administering the class settlement.

d.  Subject to the Court's approval, Defendant shall pay counsel for Plaintiff and the FDCPA Settlement Class, Warner Law Firm, LLC, $7,500.00, as reasonable attorneys' fees and costs incurred with respect to the FDCPA claims.

11.  Class members shall have 45 (forty-five) days after mailing of the notice of the proposed settlement to complete and postmark a request to opt out of the proposed settlement, an objection to the proposed settlement, or a claim form requesting to receive a share of the benefits under the proposed settlement.

12.  On the Effective Date, Defendant shall distribute all monies set forth in ¶ 10(a), (b), and (d). Each Class member who has timely returned and postmarked a claim form and does not exclude him- or herself will receive a check for that member's pro rata share of the settlement fund referred to in ¶ 10(a) above. The check shall be void after 60 days from the date of issuance. Defendant shall distribute the money described in ¶ 10(b) and ¶ 10(d) in accordance with the provisions set forth in ¶ 16. All monies set forth in ¶ 10(b) and ¶ 10(d) shall be distributed to Class Counsel by Certified Mail addressed to Warner Law Firm, LLC, 155 N. Michigan Ave., Ste. 560, Chicago, Illinois 60601, or at any other address that Defendant's counsel in writing is directed to send the monies to. The check for the monies described in ¶ 10(b) and 10(d) shall be made out to "Warner Law Firm, LLC – IOLTA".

13.  Within thirty (30) days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be paid to Chicago Volunteer Legal Services Foundation ("CVLSF"), 100 North LaSalle Street, Suite 900, Chicago, Illinois 60602. Within 30

days following the last void date of the Class members' checks, Counsel for the Parties shall send a Joint Letter to CVLSF and file a copy with the Court.

14. **Release.** Upon the Effective Date, the parties grant the following releases:

a. Plaintiff, James A. Mitchem, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and discharges Defendant, Illinois Collection Service, Inc., as well as its predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, or entities for which said Defendant performs collection services (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasor now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit. IT IS EXPRESSLY STATED that this release DOES NOT release Plaintiff's claims under the TCPA against Defendant.

b. Each member of the FDCPA Settlement Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to the Prerecorded Message. IT IS EXPRESSLY STATED that this release DOES NOT release any claims the FDCPA Settlement Class members have under the TCPA or any other statute against Defendant.

c. IT IS EXPRESSLY STATED that the releases above DO NOT release any defense Plaintiff and each FDCPA Settlement Class member may have with respect to the underlying debts which ICS was attempting to collect.

d. ICS does **NOT** release its claims, if any, against Plaintiff or any member of the FDCPA Settlement Class for the payment of their debts. The underlying debts Defendant sought to collect are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Class members.

15. The release is conditioned upon the approval of the Agreement by the Court and Defendant meeting its obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without

prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

16.    **Attorneys' Fees, Notice Costs and Related Matters.**  Defendant will pay the costs of notice and settlement administration, as described above in ¶ 10. Defendant will also pay Plaintiff's counsel $7,500.00, as the attorneys' fees and costs he reasonably incurred in connection with the FDCPA claim. The amount shall be paid by check on the later of the Effective Date or 14 days after the amount of fees and costs is determined by Court order. This amount shall be sent to Class Counsel by Certified Mail addressed to Warner Law Firm, LLC, 155 N. Michigan Ave., Ste. 560, Chicago, Illinois 60601, or at any other address that Defendant's counsel in writing is directed to send the monies to by Class Counsel.

17.    **Notice.** Within 7 days of the entry of the Preliminary Approval Order, ICS shall provide Plaintiff's counsel and the Class Administrator a class list including the names and addresses of the FDCPA Settlement Class members in Excel format.  Within 30 days of entry of the Preliminary Approval Order, ICS shall though the Class Administrator cause actual notice, in the form of Exhibit 1, to be sent to the last known addresses of the Class members, according to Defendant's records. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding.  Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt.  Neither the Class Administrator, Defendant, nor Plaintiff is required to skip trace any letters that are returned as undeliverable.

18.    Should more than 15% of the FDCPA Settlement Class members decide to opt out of this action, Defendant may revoke this Agreement at any time up to the entry of the final order approving this Agreement.

19.     Defendant shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").

20.     **Preliminary Approval.** As soon as practicable after execution of this Agreement, the parties shall make application to the Court for the Preliminary Approval Order, attached as Exhibit 2, which:

   a.     Preliminarily approves this Agreement;

   b.     Certifies the FDCPA Settlement Class defined in ¶ 9 for settlement purposes;

   c.     Appoints Warner Law Firm, LLC as counsel for the FDCPA Settlement Class;

   d.     Appoints James A. Mitchem as the representative of the FDCPA Settlement Class;

   e.     Schedules a hearing for final approval of this Agreement;

   f.     Approves Exhibit 1 hereto as notice to the FDCPA Settlement Class, to be directed to the last known address of the Class members as shown on ICS records;

   g.     Finds that mailing of the FDCPA Settlement Class notice and the other measures specified in ¶ 16  are the only notice required and that such notice satisfies the requirements of due process and Fed.R.Civ.P. 23.

21.     The parties agree to request the form of notice attached hereto as Exhibit 1 and propose the form of preliminary approval order attached hereto as Exhibit 2.  The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

22.     **Final approval.**  At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of 90 days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Plaintiff's counsel, ICS's counsel and ICS shall request that the Court enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate; providing for the implementation of those terms and provisions; finding that the notice given to the Class satisfies the requirements of due process and Rule 23; dismissing only the FDCPA claims of Plaintiff and

the FDCPA Settlement Class alleged in Count I of the Complaint with prejudice and without costs; directing the entry of a final order; and retaining jurisdiction to enforce the provisions of the final approval order..

23.    The parties agree to request the form of final order attached hereto as <u>Exhibit 3</u>. The fact that the Court may require non-substantive changes in the final order does not invalidate this Settlement Agreement.

24.    **Release of Attorneys' Lien.**    In consideration of this Settlement Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in ¶ 14(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of fees and costs determined under ¶ 16, for legal services rendered by Plaintiff's counsel in connection with the FDCPA claims alleged in Court I.

25.    **Miscellaneous Provisions.**    The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein.  Whether or not this Agreement is consummated, this Agreement shall in no event be construed as, or be deemed to be, evidence of an admission on the part of Defendant of any liability or wrongdoing whatsoever.

26.    Notices and objections related to this Agreement shall be sent to:

Curtis C. Warner
Warner Law Firm LLC
Millennium Park Plaza
155 N. Michigan Ave., Suite 560
Chicago, IL 60601
Counsel for Plaintiff and the Class

and

Peter E. Pederson
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300

Chicago, IL 60601
Counsel for Defendant

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

27.     The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

28.     This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

29.     Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

30.     This Agreement shall be governed by and interpreted in accordance with the laws of Illinois.

31.     If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for two years thereafter, and may destroy them after that period.

**[SIGNATURE PAGE TO FOLLOW]**

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on April 7TH , 2011.

**For Plaintiff and the FDCPA Settlement Class**

James A. Mitchem

**For Illinois Collection Service, Inc.**

By:

Printed Name: Nathan B. Olson

Title: Vice President

Approved as to form:

David M. Schultz
Peter E. Pederson
Avanti D. Bakane
Hinshaw & Culbertson LLP
222 N. LaSalle St. Ste. 300
Chicago IL 60601

Approved to form:

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, IL 60601
312-238-9820

10

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 09 C 7274 |
| v. | ) ) | Judge Guzmán |
| ILLINOIS COLLECTION SERVICE, INC., | ) ) | Magistrate Judge Valdez |
| Defendant. | ) ) ) | |

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT. IN ORDER TO PARTICIPATE IN THE SETTLEMENT YOU MUST SUBMIT THE ATTACHED CLAIM FORM BY [45 days after mailing date]**
**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

### 1. Why did I get this notice?

You are receiving this notice because you were identified as a person for whom Illinois Collection Service, Inc. ("ICS") left a pre-recorded message between November 19, 2008, and December 9, 2009, which message allegedly did not make proper disclosure of ICS's identity or state that it was a communication from a debt collector.

### 2. What is this lawsuit about?

This lawsuit claims that ICS: (1) violated the federal Fair Debt Collection Practices Act ("FDCPA") by allegedly leaving prerecorded voice messages in which ICS did not properly disclose its identity or state that the message was a communication from a debt collector; and (2) violated the Telephone Consumer Protection Act ("TCPA") by calling Plaintiff's and the Class members' cellular phones without consent using certain automated calling technology. Defendant denies that that it violated the FDCPA, TCPA, and other laws and denies all substantive allegations in the lawsuit. The TCPA claims of the plaintiff and the Class are not affected by this settlement.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, James A. Mitchem), sue on behalf of a group (or a "Class") of people who have similar claims regarding the prerecorded message used by ICS in an attempt to collect a debt.

### 4. Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the parties reached a settlement agreement as to Plaintiff's and the class's FDCPA claims only.

## 5. How do I know if I am a part of the settlement?

For settlement purposes, the Court has certified a class consisting of all people who meet either or both of the following definitions:

> (a) all natural persons with a telephone number corresponding to the (312) area code; (b) where Illinois Collection Service, Inc., left a prerecorded message in the form of the prerecorded voice message left for Plaintiff; (c) where Illinois Collection Service, Inc.'s records do show that the recipient of the call did not transfer to a live representative; (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action [November 19, 2008 to December 9, 2009].

According to Defendant's records, you are a class member. Defendant has identified approximately 830 class members, including yourself.

## YOUR BENEFITS UNDER THE SETTLEMENT

## 6. What can I get from the settlement?

If you postmark and return a claim form by _____, to _____, you will be entitled to a pro rata share of the Class Recovery. The Class Recovery will be approximately $3,000. If all 830 class members return a claim form, which is unlikely, each claimant will receive about $3.61. Class Counsel expects that between 10-20% of the class members will return a claim form and that each claimant will likely receive between $36.14 and $18.07. No class member is eligible to receive more than one check.

## 7. When will I receive these benefits?

You will receive these benefits approximately 30-45 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

## 8. I want to be a part of the settlement and receive these benefits. What do I do?

By _____, **2011**, you need to complete, postmark and mail to _____ the claim form at the end of this notice.

## 9. What am I giving up to receive these benefits?

By staying in the class, all of the Court's orders will apply to you, and you give Defendant a "release." A release means you cannot sue or be part of any other lawsuit against Defendant

2

about the claims or issues in this lawsuit with respect to the prerecorded message at issue in the Complaint.

**10. How much will the Class Representative receive?**

Plaintiff Mitchem will receive a payment of $1,000 for his FDCPA claims. This is subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive the benefits of the settlement but you want to keep your legal claims against the Defendant, then you must take steps to exclude yourself from this settlement.

**11. How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *James A. Mitchem v. Illinois Collection Service, Inc.*, Case No. 09 C 7274, (N.D. Ill.). Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than** _____, **2011,** to:

> Clerk of the Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your request for exclusion to:

Curtis C. Warner
Warner Law Firm, LLC
Millenium Park Plaza
155 N. Michigan Ave., Suite 560
Chicago, IL 60601

Peter E. Pederson
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601

**12. If I exclude myself, do I still receive benefits from this settlement?**

No, you will not receive anything resulting from the settlement, but you will have the right to sue the ICS over the FDCPA claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in this case?**

The Court has named the law firm of Warner Law Firm, LLC as Class Counsel. You will not be charged for this lawyer; however, he will receive a payment from the defendant in an amount to

6540268v1 907481 7791

be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by _____, **2011**.

| 14. How will the lawyers be paid? |
| --- |

Subject to the Court's approval, ICS WILL pay counsel for Plaintiff and the FDCPA Settlement Class, Warner Law Firm, LLC, $7,500.00, as reasonable attorneys' fees and costs incurred with respect to the FDCPA claims.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

| 15. Is this a fair settlement? |
| --- |

Class Counsel believes that this settlement is fair. The claim asserted on behalf of the class against ICS is under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. (Plaintiff's complaint did not allege actual damages.) In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit can also recover attorneys' fees and the expenses of prosecuting the suit, if it is successful. Defendant has made it financials available to Class Counsel and upon review a $3,000 settlement fund is more that the class could recover under the FDCPA where the Plaintiff has alleged only statutory damages on behalf of the class.

In this case, the class recovery of $3,000 will be divided between those of the 830 class members who submit a timely claim form. Class Counsel expects that approximately 10-20% of the class members will return a claim form and that claimants will receive between approximately $36.14 and $18.07.

| 16. What is the Defendant's view of this settlement? |
| --- |

As stated above, by settling this lawsuit, ICS is not admitting that it has done anything wrong. ICA expressly denies the FDCPA claims asserted by the Plaintiff and denies all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 17. How do I tell the Court that I do not like the Settlement? |
| --- |

4

If you are a class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: from *James A. Mitchem v. Illinois Collection Service, Inc.*, Case No. 09 C 7274, (N.D. Ill.), your name, address, telephone number, and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18). You must mail your objection so that it is postmarked no later than _____ **2011** to:

> Clerk of the Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your objection to **both**:

Curtis C. Warner
Warner Law Firm, LLC
Millenium Park Plaza
155 N. Michigan Ave., Suite 560
Chicago, IL 60601

Peter E. Pederson
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

**18. Where and when is the fairness hearing?**

The Court will hold a fairness hearing on _____ a.m. in the courtroom of Judge Guzman, Room 1219 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois 60604. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for the Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice. You are not required to attend.

## GETTING MORE INFORMATION – CONTACT:

### Warner Law Firm LLC
### (Telephone) (312) 238-9820
### (e-mail) info@warnerlawllc.com.

6540268v1 907481 7791

## PROOF OF CLAIM FORM

**RE:** *James A. Mitchem v. Illinois Collection Service, Inc.*, Case No. 09 C 7274, (N.D. Ill.)

### I WISH TO RECEIVE A SHARE OF THE SETTLEMENT.

**IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE _____ AND MAILED TO THE FOLLOWING ADDRESS:**

### [ADDRESS OF CLAIMS ADMINISTRATOR]

**PLEASE LEGIBLY PRINT THE FOLLOWING INFORMATION:**

**NAME:** _____

**MAILING ADDRESS:** _____

_____

**IF YOUR NAME DIFFERS FROM THAT WHICH APPEARS ON THE MAILING LABEL, PLEASE NOTE THE NAME OF THE PERSON TO WHOM THIS NOTICE WAS ADDRESSED HERE:**

_____

**IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE NOTE THE ADDRESS HERE:**

_____

_____

**SIGNATURE:** _____

6540268v1 907481 7791

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAMES A. MITCHEM, individually and on )
behalf of a class of similarly situated persons, )
                                )
              Plaintiff, )       Case No.: 09 C 7274
v.                               )
                                )       Judge Guzmán
ILLINOIS COLLECTION SERVICE, INC., )
                                )       Magistrate Judge Valdez
             Defendant. )

**PRELIMINARY APPROVAL ORDER**

The Court, having considered the parties' motion for preliminary approval, hereby grants

preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff,

JAMES A. MITCHEM ("Plaintiff"), individually, and as representative of the class of persons

defined below ("Class"), and Defendant, ILLINOIS COLLECTION SERVICE, INC.

1.      The proposed Agreement and Release, the terms of which are fully set forth in the

Agreement, are reasonable, fair and hereby approved by the Court, subject to the final fairness

hearing described below.

2.      For settlement purposes only, the parties have stipulated to the certification of,

and the Court preliminarily certifies, the FDCPA class defined as:

> (a) all natural persons with a telephone number corresponding to the (312) area
> code; (b) where Illinois Collection Service, Inc., left a prerecorded message in the
> form of the prerecorded voice message left for Plaintiff; (c) where Illinois
> Collection Service, Inc.'s records do show that the recipient of the call did not
> transfer to a live representative; (d) during a period beginning one year prior to
> the filing of this action and ending 20 days after the filing of this action
> [November 19, 2008 to December 9, 2009].

3.      The class described above includes approximately 830 persons. The Warner Law

Firm, LLC is appointed as Class Counsel.

4.      The Court approves the parties' proposed Class Notice and directs it be mailed to

the last known address of the class members as shown on Defendant's records. Defendant will

cause the notice to be mailed to class members on or before **[30 days after entry of preliminary approval order]**. Defendant will have the notice sent by any form of U.S. Mail providing forwarding addresses.

5.      The Court finds that mailing of class notice is the only notice required and that such notice satisfies the requirements of due process and Fed.R.Civ.P.23(c)(2)(B).

6.      Class members shall have until **[45 days after the initial mailing of the notice]** to exclude themselves from or object to the proposed settlement. Any class members desiring to exclude themselves from the action must file their request for exclusion with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of a settlement. To be effective, the request for exclusion or objection must be postmarked by ____, 45 days after the initial mailing of the class notice.

7.      In order to receive a portion of the cash payment under the settlement, the class members must complete, return, and postmark a claim form by _____ **[45 days after the initial mailing of the notice]**. The claim form will be sent with the class notice.

8.      Within ten (10) days of the entry of this Order, that date being _____ Defendant shall file with the Court proof of compliance with the notice requirements, of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

9. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court no earlier than (*90 days from the entry of this order*). The final approval hearing shall be held on _____ *order*) at _____ a.m./p.m.

ENTERED: _____

DATE: _____

130081981v1  0907481  07791

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JAMES A. MITCHEM, individually and on )
behalf of a class of similarly situated persons, )
                     )
          Plaintiff, )     Case No.: 09 C 7274
v. )
                     )     Judge Guzmán
ILLINOIS COLLECTION SERVICE, INC., )
                     )     Magistrate Judge Valdez
          Defendant. )

### FINAL APPROVAL ORDER

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement"), Plaintiff, JAMES A. MITCHEM ("Plaintiff"), individually, and as representative of the class of persons defined below ("Class"), and Defendant, ILLINOIS COLLECTION SERVICE, INC. ("ICS"), the Court orders and finds as follows:

1.      On ____, 2011, the Court preliminarily approved the Agreement and certified the Class consisting of:

> (a) all natural persons with a telephone number corresponding to the (312) area code; (b) where Illinois Collection Service, Inc., left a prerecorded message in the form of the prerecorded voice message left for Plaintiff; (c) where Illinois Collection Service, Inc.'s records do show that the recipient of the call did not transfer to a live representative; (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action [November 19, 2008 to December 9, 2009].

2.      The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first class mail to approximately ___ class members by Defendant. A total of ___ envelopes were returned by the United States Postal Service, __ of which were retuned with forwarding addresses and re-mailed. ___ class members requested exclusion, and ___ objections were filed or received. A total of ___ class members timely returned the proof of claim form and are therefore entitled to a share of the monetary benefits of the settlement. As of _____, 2011, ___ late claim forms were returned by class members.

3.   On _____, 2011, the Court held a fairness hearing to which class members, including any with objections, were invited.

4.   The Court finds that provisions for notice to the class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

5.   The Court finds the settlement is fair and reasonable and hereby finally approves the Agreement submitted by the parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Class Settlement Agreement, Defendant shall make  the following payments:

a.   Defendant will create a class settlement fund of $3,000.00 ("Class Recovery"), which a settlement administrator will distribute *pro rata* among Class Members who did not exclude themselves from the settlement, who timely returned a claim form and who can be located ("Claimants"). Claimants will receive a *pro rata* share of the Class recovery by check.  Checks issued to Claimants will be void after 60 days.  If any portion of the Class Recovery remains 30 days after the void date on the Claimants' checks, these remaining funds will be donated in the form of a *cy pres* award to the Chicago Volunteer Legal Services Foundation.

b.   Defendant shall pay $1,000 to Plaintiff, for his FDCPA claims only.

c.   Plaintiff's counsel will receive reasonable attorneys' fees and costs with respect to the FDCPA claims in an amount of $7,500.00. Plaintiff's counsel will not request additional fees or costs from Defendant or the class members.

d.   Any undistributed funds or uncashed checks will be distributed to the Chicago Volunteer Legal Services Foundation as a *cy pres* award.

6.   The Parties grant the following releases:

a.   Plaintiff, James A. Mitchem, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and discharges Defendant, Illinois Collection Service, Inc., as well as its predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, assigns, or entities for which said Defendant performs collection services (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasor now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred

2

from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims under the FDCPA that were made or that could have been made in this lawsuit. IT IS EXPRESSLY STATED that this release DOES NOT release Plaintiff's claims under the TCPA against ICS.

b.    Each member of the Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, claims, and claims including the payment of attorney's fees and costs arising from or relating to the Prerecorded Message. IT IS EXPRESSLY STATED that this release DOES NOT release any claims the Class members have under the TCPA against ICS.

c.    IT IS EXPRESSLY STATED that the releases above DO NOT release any defense Plaintiff and each class member may have with respect to the underlying debts which ICS was attempting to collect.

d.    ICS does **NOT** release its claims, if any, against Plaintiff or any member of the Class for the payment of their debts. The underlying debts Defendant sought to collect are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Class members.

7.    The Court finds the Agreement fair and made in good faith.

8.    Within 30 days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be paid to Chicago Volunteer Legal Services Foundation (**"CVLSF"**), 100 North LaSalle Street, Suite 900, Chicago, Illinois 60602. Within 45 days following the last void date of the Class members' checks, Counsel for the Parties shall send a Joint Letter to CVLSF and file a copy with the Court.

9.    The terms of the Agreement are incorporated into this order. This order shall operate as a final judgment and dismissal with prejudice of the FDCPA claims in this action.

ENTERED:    _____

Ronald A. Guzman
United States District Court Judge

DATE:    _____

3