IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ILLINOIS COLLECTION SERVICE, INC., | ) ) |
| Defendant. | ) ) ) |

09 C 7274

Judge Guzmán

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff James A. Mitchem ("Plaintiff"), individually and as the representative of a settlement Class of similarly situated persons, by Class Counsel, Warner Law Firm, LLC respectfully submits this Memorandum in support of the entry of an Order grating Final Approval of the Class Action Settlement Agreement ("Agreement") as to Plaintiff's class claims under the Fair Debt Collection Practices Act ("FDCPA"). On April 28, 2011, this Court preliminarily approved the parties' proposed Class Settlement Agreement and set the Final Approval Hearing for August 10, 2011, at 10:00 a.m. (Dkt. 119).

**I. OVERVIEW OF THE LITIGATION**

1.  Plaintiff, individually and on behalf of a class, brought this action in the United States District Court for the Northern District of Illinois, Eastern Division entitled *James A. Mitchem, individually and on behalf of a class of similarly situated persons v. Illinois Collection Service, Inc.*, Case No. 09 C 7274. In the Complaint, as pertaining only to the one Court, Count I of the Complaint that is at issue here, Plaintiff asserted class claims under the Fair Debt Collection Practices Act ("FDCPA") alleging that Defendant left a form prerecorded message

that did not comply with 1the disclosure requirements of 15 U.S.C. §§ 1692d(6) and e(11) for Plaintiff and the members of the settlement class. The specific form of prerecorded message which is the subject of Plaintiff's FDCPA and this Agreement ("the Prerecorded Message") is as follows:

> Hello. ICS has been trying to reach you concerning a personal business matter. This is not a solicitation call. You can press 0 right now to speak with a live representative, or you can call back at 7-0-8-2-2-9-7-4-7-4. Our office is open, 8am to 8pm, Monday through Friday and Saturday, 8am 'til 12 noon. The number to call again is 7-0-8-2-2-9-7-4-7-4, or you press 0 to speak with a representative right now. Thanks for your time and we look forward to your return call.

## II. THE ADMINISTRATION OF THIS CLASS ACTION SETTLEMENT

### A. The Preliminary Approval Order.

On April 28, 2011, this Court preliminarily approved for the purposes of settlement under Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Class defined as:

> (a) all natural persons with a telephone number corresponding to the (312) area code; (b) where Illinois Collection Service, Inc., left a prerecorded message in the form of the prerecorded voice message left for Plaintiff; (c) where Illinois Collection Service, Inc.'s records do not show that the recipient of the call did not transfer to a live representative; (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action [November 19, 2008 to December 9, 2009].

The Order further established a procedural framework for the final approval of the Parties' settlement. The Order required Defendant to cause notice to be mailed to the members of the above defined Class by May 26, 2011, set deadlines and procedures for requests for exclusion and objections to the settlement as July 11, 2011. The Order further required the proper notice of the settlement as required by the Class Action Fairness Act by May 6, 2011, which was done on May 5, 2011. (Dkt. 120). The Order set August 10, 2011 at 10:00 a.m., as the final approval hearing date. (Dkt. 23).

### B. The Sending of Class Notice

2

The Court is advised that Defendant caused notice of the settlement of this action to be timely mailed by First Class to 824 individuals identified as members of the Class. Fifty (50) class members made claims against the settlement fund established by the Defendant. Zero (0) class members submitted a request for exclusion prior to the deadline. Zero (0) objections have been received an none have been filed with the Court.

### C. The Value of the Settlement.

The Court has previously considered the terms of the settlement in entering the Preliminary Approval Order, which are as follows:

    a.    For the FDCPA Settlement claims only, Defendant will create a class settlement fund of $3,000.00 ("Class Recovery"). Each of the 50 claimants are entitled to their *pro rata* distribution which is $60 per class member. The Class Recovery of $3,000 is more than 1% of Defendant's net worth and therefore the amount of the Class Recovery exceeded the maximum amount recoverable under the FDCPA if Plaintiff had prevailed at trial. 15 U.S.C. § 1692k(a)(2)(B).

    b.    Checks issued to Claimants will be void after 60 days. If any portion of the FDCPA Settlement Class Recovery remains 30 days after the void date on the Claimants' checks, these remaining funds will be donated in the form of a *cy pres* award to the Chicago Volunteer Legal Services Foundation;

    c.    Defendant shall pay $1,000 to Plaintiff for his FDCPA claims only;

    d.    Defendant shall pay all costs associated with the notice under this class settlement and the costs of administering the class settlement.

   e. Subject to the Court's approval, Defendant shall pay counsel for Plaintiff and the FDCPA Settlement Class, Warner Law Firm, LLC, $7,500 as reasonable attorneys' fees and costs incurred with respect to the FDCPA claims.

**D. No Objections or Exclusions Were Received**

Zero (0) class members submitted a request for exclusion prior to the deadline. Zero (0) objections were received by Plaintiff's or Defendant's counsel and zero (0) objections have been filed with the Court.

**III. THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT**

The purpose of a class action is to promote judicial economy by avoiding duplicative suits against the same defendant, and to protect the rights of persons who may not be able to assert their claims on an individual basis. *Crown, Cork, & Seal Co. v. Parking*, 462 U.S. 345 (1983). Class actions, "were designed not only to compensate victimized members of groups who are similarly situated . . . but also deter violations of the law, especially when small individual claims are involved." H Newberg, Class Actions § 4.36 (4th ed. 2002); *Warcholek v. Medical Collections Sys.*, 241 F.R.D. 291, 296 (N.D. Ill. 2006) (finding that certifying a class in an FDCPA matter is superior as the defendants', "conduct would go otherwise unchallenged if a class was not certified").

**A. Rule 23(a)(1) - Joinder Of All the Members Is Impracticable**

**As determined through the parties' discovery** the class as defined above consists of approximately 824 people according to Defendant's records. The Seventh Circuit has recognized that as few as 40 class members are sufficient to satisfy the "numerosity" requirement of Rule 23(a)(1). *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969); *see also Newberg on Class Actions*, 3rd ed. Sec. 3.05, pp. 3-25 ("The difficulty in joining

4

as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."). 228 class members in this case plainly satisfies the numerosity requirement of Rule 23(a)(1).

### B. Rule 23(a)(2) - The Claims Of The Settlement Class Arise From Common Questions Of Law And Fact

"The threshold requirements of commonality and typicality [under Rule 23(a)(2) and (3)] are not high." *Shipes v. Trinity Industries*, 987 F.2d 311, 316 (5th Cir. 1987); *see also Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992). "A common nucleus is generally found when the defendant has engaged in standardized conduct towards the members of the proposed class." *Cavin*, 236 F.R.D. at 392 (*citing Keele,* 149 F.3d at 594; *McCabe,* 210 F.R.D. at 644); *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984) (Where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met."). Finally, "The commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

In this case, the class claims are based on Defendant's prerecorded voice messages failing to make a meaningful identification of its company name and to state that it was a debt collector. This common question satisfies Rule 23(a)(2).

### C. Rule 23(a)(3) – Plaintiffs' Claims are Typical Of Settlement Class

The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the reasons that the "commonality" requirement of Rule 23(a)(2) is met. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her clams are based on the same legal theory"); see also *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (the typicality requirement is satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory). In the present case, Plaintiff alleges that the content of the voice messages left by the subject employees followed a script of making a meaningful disclosure of Defendant's company name and did not identify that it was an attempt to collect a debt. Rule 23(a)(3) is plainly satisfied in this case.

### D. Rule 23(a)(4) - Plaintiffs and Class Counsel Will Fairly And Adequately Protect The Interests Of The Settlement Class

The determination that the "representative parties will fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) involves two considerations: (i) whether the plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (ii) whether the plaintiff has any interests antagonistic to the Class. *General Tel. Co. v. Falcon*, 102 S.Ct. 2364, 2370 n.13 (1982); *Retired Chicago Police Ass'n*, 7 F.3d 584 (7th Cir. 1993).

Plaintiff's counsel is experienced in class action and FDCPA litigation as demonstrated by the declaration attached hereto as <u>Exhibit A</u>. The Seventh Circuit has identified proposed class counsel, Mr. Warner, as an "FDCPA specialist." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs.*, P.C., 574 F.3d 852, 855, 856 (7th Cir. 2009). In *Cavin v. Home Loan Center, Inc.* 236 F.R.D. 387 (N.D. Ill. 2007), a specific finding regarding the ability of proposed class counsel was made by the court stating that, "The Court finds that Mr. Warner [is]. . .

6

'experienced, competent, qualified and able to conduct the litigation vigorously'", and therefore met the adequacy of class counsel requirement under Rule 23(a)(4)). *Id*. at 395.

Additionally, Plaintiff has no interests that are antagonistic to the Class Members. Therefore, Plaintiff and Plaintiff's counsel satisfies the adequacy of representation requirement embodied in Rule 23(a)(4).

### E. The Settlement Class May Be Certified Pursuant to Rule 23(b)(3)

Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Both of these requirements are satisfied in the present case. The common question of whether Defendant in its form prerecorded voice message failed to make a meaningful identification of itself and failed to identify itself as a debt collector violated the FDCPA, predominates over any individual issues. Furthermore, a class action is the superior means of resolving these issues, as the alternative would be an excess of additional lawsuits all raising the identical allegations.

#### 1. Common questions predominate over individual issues.

Rule 23(b)(3) is met when "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED.R.CIV.P. 23(b)(3). The predominance requirement is met when a common factual link between the class members and defendants under which the law requires a remedy exists. *Smith v. Nike Retail Servs. Inc*. 234 F.R.D. 648, 666 (N.D. Ill. 2006); 7A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1778, at 528 (2d ed. 1986) (Predominance is met "when common questions represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for having the dispute on a

7

representative rather than on an individual basis"). In this case, the common issue relates to whether Defendant failed to make a meaningful disclosure of its name and failed to identify itself as a debt collector violates the FDCPA predominates over individual issues, if any, as required by Rule 23(b)(3).

### 2. A Class Action is Superior to Other Methods of Resolving This Matter

The FDCPA itself demonstrates Congress' intent that matters should be certified to proceed as a class. 15 U.S.C. § 1692k(a)(2)(B) (setting forth the amounts of liability in a class action suit). "Consumer claims are among the most commonly certified for class treatment, given the difficulty of bringing such claims individually and the common questions that are often involved." *Cavin*, 236 F.R.D. at 395 – 396 (*citing Murray v. New Cingular Wireless Svc.,* 232 F.R.D. 295, 303 (N.D. Ill. 2005); *In re Mex. Money Transfer Litig.,* 267 F.3d 743, 747 (7th Cir. 2001); *Amchem Prods. v. Windsor,* 521 U.S. 591, 625 (1997)).

FDCPA class actions are superior under the principal of judicial economy. *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 880 (7th Cir. 2000); *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 290 (N.D. Ill. 2005). FDCPA class actions are judicially efficient, "in lieu of clogging the courts with thousands of individual suits." *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998).

"Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray v. GMAC Mortgage Corp.,* 434 F.3d 948, 953 (7th Cir. 2006) (*citing Mace v. Van Ru Credit Corp.*, 109 F.3d 344-45 (7th Cir. 1997)); *Jackson*, 227 F.R.D. at 290 ("A class action is superior [under Rule 23(b)(3)] where potential damages may be too insignificant to provide class members with incentive to pursue a claim individually"). A *de minimis* recover does not bar a class from being

certified. *Mace*, 109 F.3d at 344. Under the FDCPA while a plaintiff can recover up to $1,000 and a class can receive up to 500,000 or 1% of defendant's net worth in absence of actual damages, there is no guarantee that a prevailing plaintiff or each class member would be awarded $1,000 for the violations alleged here. 15 U.S.C. §§ 1692k(a)(2)(A), (B). Plaintiff on behalf of the class has not alleged any actual damages and under the terms of the settlement agreement each class member who submitted a timely claim form is receiving a check for $60.

### F. The Standard For Granting Final Approval To The Class Action Settlement

In *Amchem Productions, Inc.*, the United States Supreme Court explained that, before approving a class action settlement, the District Court must first be satisfied that the elements of Rule 23(a) and 23(b) have been met. *Id.* at 621. Once the Court has determined that the requirements of Rule 23(a) and 23(b) have been met, the Court must then determine whether Rule 23(e) has been satisfied by determining whether the settlement is fair, reasonable, and adequate. *General Electric Capital Corporation v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). The Court considers the following six factors in making this determination:

> 1. The strength of the plaintiff's case on the merits measured against the terms of the settlement;
> 2. The complexity, length, and expense of continued litigation;
> 3. The amount of opposition to the settlement among class members;
> 4. The presence of collusion in gaining a settlement;
> 5. The stage of the proceedings; and
> 6. The amount of discovery completed.

*Id.* (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)).

The class action settlement in the present case satisfies each of the factors outlined in *GE Capital*. The strength of Plaintiffs' claims rest on Class counsel's belief that Plaintiff has a good chance of prevailing if this case had gone to trial. Defendant disputed Plaintiff's claims and believes that it has defenses to Plaintiff's claims. However, there are risks associated with

9

further litigation including Defendant's prevailing on their asserted affirmative defenses. In order to avoid the uncertainly presented by any litigation, the parties agreed to settle the dispute between them. As previously mentioned, among the elements of relief the class obtained was more that what they would have been entitled to as the settlement was more than 1% of Defendant's net worth. Under the terms of the agreement each class claimant will receive $60. The FDCPA provides a recovery of up to $1,000, but an individual award may be as low as $0.01. 15 U.S.C. § 1692k(a)(2)(A).

The arguable strength of the Class' claims compare favorably to the terms of the settlement, satisfying the first of the *GE Capital* factors. In this settlement, the amount of the settlement fund was around the 1% of net worth maximum recovery under the FDCPA. Each class member who timely returned a check will receive a check for $100.

In addition, the settlement is warranted by the foreseeable complexity, length and expense of continued litigation, satisfying the second *GE Capital* factor. The settlement satisfies the third *GE Capital* factor as evidenced by the lack of any collusion as the above-described payment amounts to Plaintiff and Class counsel compare favorably to the direct benefits to the Class for their statutory claims and providing them notice of Defendant's alleged wrongdoing, thereby satisfying the fourth *GE Capital* factor.

Finally, the fifth and sixth *GE Capital* factors also support the final approval of this settlement in light of the stage of pre-trial proceedings and the discovery completed to date. Given the stage of proceedings, the investigation, and discovery completed, the proposed settlement satisfies the fifth and sixth *GE Capital* factors.

**IV. THE ATTORNEY'S FEES AND COSTS ARE REASONABLE**

Pursuant to the Agreement, Defendant agreed to pay attorney's fees and costs of $7,500. Class Counsel requests the approval of a payment of attorney's fees and costs in that amount. As set forth in the Declaration of Curtis C. Warner, Exhibit A, Plaintiffs' counsel is experienced in class actions and FDCPA matters and which sets forth support for his hourly rate of $320 per hour. $320 per hour is rate for work done by Curtis C. Warner for paying clients, prior to August 1, 2011. Plaintiff's counsel attempted to separate his time for the FDCPA claim from the case and submits that 19.6 hours was expended in this matter, Exhibit B, which at $320 per hour equals $6,272 in attorney's fees. Plaintiff's counsel also splitting in half the costs submits $175 for filing fees and $30 for the service of process. Therefore, the total amount of attorney's fees and costs in the FDCPA matter is $6,477.

The FDCPA as with other fee-shifting statutes are calculated by using the lodestar method. *Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir. 1995) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). *Hensley v. Eckerhart*, clearly directs the district courts to conduct the lodestar calculation first as, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). After the lodestar is calculated, "[t]he courts may then adjust this lodestar calculation by other factors." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (citations omitted).

The reasonable hourly rate for an attorney is the market rate for his or her legal services. *See Fogle v. William Chevrolet/Geo, Inc.*, 275 F.3d 613, 615 (7th Cir. 2001). "An attorney's market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop*, 175 F.3d 544, 555 (7th Cir. 1999) (citations omitted).

11

The Seventh Circuit has stated, "[i]n order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995). "[T]his circuit has allowed the party seeking attorneys' fees to create a presumption that an hourly rate is reasonable where the attorney demonstrates that the hourly rate she has requested is in line with what she charges other clients for similar work. *Jeffboat, LLC v. Director, OWCP*, 553 F.3d 487, 489-90 (7th Cir. 2009) (citing *Mathur v. Bd. Of Trs of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003)); *See also Blum v. Stenson*, 465 U.S. 886, 894 n.9 (1984) (citations omitted).

## V. CONCLUSION

For all the reasons set forth above, Plaintiff individually, and as the representative of the Class of similarly situated persons, by Class Counsel, requests this Court to grant final approval of the class action settlement Agreement, award Plaintiff $1,000 as his damages, and award Plaintiff's counsel the agreed upon amount of $7,500 as attorney's fees and costs. If the Court however determines that a lower amount of attorney's fees and costs are reasonable, then for the difference between that amount and what Defendant agreed to pay to be awarded as a *cy pres* to the Legal Aid Foundation of Metropolitan Chicago ("LAF").

                                              Respectfully submitted,

                                              s/ Curtis C. Warner
                                                Curtis C. Warner

Curtis C. Warner        cwarner@warnerlawllc.com
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## CERTIFICATE OF SERVICE

I, Curtis C. Warner, hereby certify that on **August 3, 2010**, I filed electronically **Plaintiff's Memorandum in Support of Final Approval of Class Action Settlement** using the Court's CM/ECF system, which automatically will send notice to those parties who have appeared and are so registered to the following:

David M. Schultz
Peter E. Peterson
Avanti Deepak Bakane
Hinshaw & Culbertson LLP
222 No. LaSalle St., Ste. 300
Chicago, IL 60601-1081

                                        Respectfully submitted,

                                        s/ Curtis C. Warner
                                            Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Avenue, Suite 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)