**IN THE UNTIED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons )<br><br>Plaintiff, )<br><br>v. )<br><br>ILLINOIS COLLECTION SERVICE, INC. )<br><br>Defendant. ) | 09 C 7274<br><br>Judge Guzmán |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR FINAL APPROVAL OF THE CLASS SETTLEMENT**

NOW COMES Plaintiff James A. Mitchem ("Plaintiff") by and through his counsel and responds to Defendant's Motion for Final Approval of the Class Settlement as follows:

**BACKGROUND**

At the Court's August 10, 2011, hearing of the final approval of Count I of the Complaint, Plaintiff's count under the Fair Debt Collection Practices Act ("FDCPA"), the Court inquired what potential claims of the class members were being released and whether the release sufficiently informed the class members about the extent of the release. The Court also expressed concern whether there were any class members who might be engaged in parallel state court litigation who would be extinguishing their claims. The Court permitted the parties to address the Court's concerns.

**I.    THE CLAIMS THAT ARE RELEASED**

Defendant points out that Plaintiff's complaint did not allege any claims under the Illinois Collection Agency Act ("ICAA"), 225 ILCS § 425/9, the Illinois Consumer Fraud

Act ("IFCA"), 815 ILCS § 505/10a, or any common law claim for intentional infliction of emotional distress, invasion of privacy, false light, intrusion on their seclusion. Plaintiff does not however agree with Defendant's analysis that "the class members have no arguable claims arising from [Defendant's] prerecorded message" or that inference that Plaintiff's counsel should engage in throwing in the kitchen sink of ever possible claim into the complaint. (Def. Memo., pp. 5-9).

The damages in this case beyond the FDCPA class claim, based in part on the lack of objection and that no person opted-out of the settlement, are more than likely *de minimis*. Therefore, Plaintiff agrees with Defendant on the point that for this small class of 830 persons, 2.5 times the maximum amount of recovery on the FDCPA claims alone is adequate compensation for the release of any potential *de minimis* claims.

Defendant also correctly points out that the release does not release the classes' claims under the Telephone Communication Protection Act ("TCPA"), which does have significant value to any of the overlapping FDCPA / TCPA class members.

**II.    THE NOTICE**

The notice informs the class members that:

By staying in the class, all of the Court's orders will apply to you, and you give Defendant a 'release.' A release means you cannot sue or be part of any other lawsuit against Defendant about the claims or issues in the lawsuit with respect to the prerecorded message at issue in the Complaint.

(Doc. 119, Preliminary Approval Order, pp. 5-6).

The notice also informed the class members that the prerecorded message from Defendant would not have properly disclosed "ICS's identity" or state that it was from a debt collector (Id., p. 4).

Rule 23's notice requirements provide the following:

(B) For (b)(3) Classes. For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

   (i) the nature of the action;
   (ii) the definition of the class certified;
   (iii) the class claims, issues, or defenses;
   (iv) that a class member may enter an appearance through an attorney if the member so desires;
   (v) that the court will exclude from the class any member who requests exclusion;
   (vi) the time and manner for requesting exclusion; and
   (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

While the notice may not be a model of clarity regarding the release of other claims, other than the TCPA claim which was expressly reserved, it does nevertheless inform the class members if the member stays in the class in cannot sue the Defendant in the future over the subject message and arguably comports with Rule 23(c)(2)(B)(vii).

## II.   NO OTHER KNOWN STATE COURT LITIGATION

While not addressed in its brief, Defendant's counsel has represented to this Court that he is unaware of any parallel state court action involving the Defendant and any class member. Plaintiff's counsel is likewise unaware of any parallel litigation between Defendant and any class member.

## CONCLUSION

**WHEREFORE,** Plaintiff requests this Honorable Court to finally approve the parties' class action settlement.

                              Respectfully submitted,

                              <u>s/ Curtis C. Warner</u>

Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Avenue, Suite 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)