IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons, ) ) ) Plaintiff, ) ) v. ) ) ILLINOIS COLLECTION SERVICE, INC., ) ) Defendant. ) | Case No.: 09 C 7274 Judge Guzmán Magistrate Judge Valdez |

**FINAL APPROVAL ORDER**

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, JAMES A. MITCHEM ("Plaintiff"), individually, and as representative of the class of persons defined below ("Class"), and Defendant, ILLINOIS COLLECTION SERVICE, INC. ("ICS"), the Court orders and finds as follows:

1. On April 28, 2011, the Court preliminarily approved the Agreement and certified the Class consisting of:

> (a) all natural persons with a telephone number corresponding to the (312) area code; (b) where Illinois Collection Service, Inc., left a prerecorded message in the form of the prerecorded voice message left for Plaintiff; (c) where Illinois Collection Service, Inc.'s records do show that the recipient of the call did not transfer to a live representative; (d) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action [November 19, 2008 to December 9, 2009].

2. The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first class mail to approximately 824 class members by First Class, Inc., the settlement administrator. A total of 177 envelopes were returned by the United States Postal Service, 32 of which were retuned with forwarding addresses and re-mailed. None of the class members requested exclusion, and no objections were filed or received. A total of 73 class members timely returned the proof of claim form and are entitled to a share of the monetary benefits of the settlement. As of July 29, 2011, 5 late claim forms were returned by

class members. Those claims will be deemed timely, so a total of 78 class members are entitled to a share of the monetary benefits under the settlement.

3. On August 10, 2011, the Court held a fairness hearing to which class members, including any with objections, were invited. No class members have objected or requested exclusion from the settlement. The Court held further hearings on the fairness of the settlement on August 29, 2011 and September 15, 2011.

4. The Court finds that provisions for notice to the class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

5. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Class Settlement Agreement, Defendant shall make the following payments:

   a. Defendant will create a class settlement fund of $3,000.00 ("Class Recovery"), which a settlement administrator, First Class, Inc. will distribute *pro rata* among Class Members who did not exclude themselves from the settlement, who timely returned a claim form and who can be located ("Claimants"). Claimants will receive a *pro rata* share of the Class recovery by check. Checks issued to Claimants will be void after 60 days. If any portion of the Class Recovery remains 30 days after the void date on the Claimants' checks, these remaining funds will be donated in the form of a *cy pres* award to the Chicago Volunteer Legal Services Foundation.

   b. Defendant shall pay $1,000 to Plaintiff, for his FDCPA claims only.

   c. Plaintiff's counsel will receive reasonable attorneys' fees and costs with respect to the FDCPA claims in the amount of $7,500.00. Plaintiff's counsel will not request additional fees or costs from Defendant or the class members.

   d. Any undistributed funds or uncashed checks will be distributed to the Chicago Volunteer Legal Services Foundation as a *cy pres* award.

6. The Parties grant the following releases:

   a. Plaintiff, James A. Mitchem, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively

"Releasors"), releases and discharges Defendant, Illinois Collection Service, Inc., as well as its predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, and entities for which said Defendant performs collection services (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasor now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims under the FDCPA that were made or that could have been made in this lawsuit. IT IS EXPRESSLY STATED that this release DOES NOT release Plaintiff's claims under the TCPA against ICS.

b. Each member of the Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, claims, and claims including the payment of attorney's fees and costs arising from or relating to the Prerecorded Message, as that term is defined in ¶ 2 of the Class Settlement Agreement. IT IS EXPRESSLY STATED that this release DOES NOT release any claims the Class members have under the TCPA against ICS.

c. IT IS EXPRESSLY STATED that the releases above DO NOT release any defense Plaintiff and each class member may have with respect to the underlying debts which ICS was attempting to collect.

d. ICS does **NOT** release its claims, if any, against Plaintiff or any member of the Class for the payment of their debts. The underlying debts Defendant sought to collect are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Class members.

7. The Court finds the Agreement fair and made in good faith.

8. Within 30 days following the last void date of the Class members' checks, any uncashed checks or undistributed funds will be paid to Chicago Volunteer Legal Services Foundation **("CVLSF")**, 100 North LaSalle Street, Suite 900, Chicago, Illinois 60602. Within 45 days following the last void date of the Class members' checks, Counsel for the Parties shall send a Joint Letter to CVLSF and file a copy with the Court.

9. The terms of the Agreement are incorporated into this order. This order shall operate as a final judgment and dismissal with prejudice of the FDCPA claims in this action.

3

10.     The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this order.

ENTERED: *Ronald A. Guzmán*
Ronald A. Guzmán
United States District Court Judge

DATE: 9/30/2011