# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7274 | **DATE** | 1/20/2012 |
| **CASE TITLE** | James A. Mitchem vs. Illinois Collection Service, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court finds that there is no genuine issue of material fact on the TCPA claim plaintiff asserts against defendant, on his own behalf and that of a class, which is the only claim remaining in this suit, and defendant is entitled to judgment as a matter of law on it. Accordingly, the Court grants defendant's motion for summary judgment [85], denies plaintiff's cross-motion for summary judgment [91] and terminates this case.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff gave his cell phone number to Midwest Orthopedics when he received treatment there. (Def.'s LR 56.1(a) Stmt., Ex. 4, Pl.'s Dep. 13.) He did not understand that, if he failed to pay the bill, Midwest would give his cell phone number to defendant to collect the debt. (*Id.* 14-18.) That is what happened, however, and between March and November 2009, defendant made numerous auto-dialed calls to plaintiff's cell phone and left prerecorded messages on his voice mail to try to collect the debt. (Def.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 17-19.)

Plaintiff alleges that defendant's conduct violates the Telephone Consumer Protection Act ("TCPA") and asserts the claim on behalf of the following class certified by the Court:

All persons called by Illinois Collection Service, Inc., using an automatic telephone dialing system with a prerecorded voice message that left a prerecorded message in the form received by Plaintiff, where the call was placed to the person's cellular telephone number corresponding to the (312) area code from November 19, 2005 though December 9, 2009, in an attempt to collect a medical debt, and where Illinois Collection Service, Inc.'s records show that it obtained the person's cellular telephone number from that person's health care provider. Excluded from the class are persons who Defendant's records show that they gave consent directly to Defendant to call their cellular telephone number corresponding to the (312) area code prior to Defendant first placing a call with its automatic telephone dialing system and left a prerecorded voice message in the form received by Plaintiff.

(*See* Mem. Op. & Order 5, Jan. 3, 2011.) Defendant now seeks summary judgment on this claim.

**STATEMENT**

## Discussion

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

The TCPA makes it "unlawful for any person . . . to . . . us[e] any automatic telephone dialing system or an artificial or prerecorded voice . . . to [make a call to] any telephone number assigned to a . . . cellular telephone" without "the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). According to the Federal Communications Commission ("FCC"), the agency charged with administering the TCPA, a consumer's provision of his "cell phone number to a creditor . . . reasonably evidences [his] prior express consent to [being] contacted at that number" about the debt "absent instructions to the contrary." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 564 (2008) (quotation omitted).

Plaintiff contends that, in the context of medical debts, the Health Insurance Portability and Accountability Act ("HIPAA") vitiates any consent that would otherwise arise from the provision of a cell phone number to a medical provider. In other words, plaintiff argues that the meaning of "consent" as it is used in the TCPA, is provided by HIPAA when the debt is for medical services.

Even if that is true, an issue the Court does not decide, it does not help plaintiff's case. Unlike the TCPA, HIPAA does not require a medical provider to have *any* consent, express or implied, from a consumer to use his a cell phone number to obtain payment for its services. *See* 45 C.F.R. § 164.506(a),(c)(1). As the Department of Health and Human Services said when it adopted the HIPAA regulation on consent:

> . . . . [T]he final Rule makes the obtaining of consent to use and disclose [PHI] for treatment, payment, or health care operations *optional* on the part of all covered entities, including providers with direct treatment relationships. A health care provider that has a direct treatment relationship with an individual is not required by the Privacy Rule to obtain an individual's consent prior to using and disclosing information about him or her for treatment, payment, and health care operations. They, like other covered entities, have regulatory permission for such uses and disclosures. . . .
>
> . . . .
>
> . . . . [C]onsent for use and disclosure of protected health information for treatment, payment, and health care operations *is no longer mandated* . . . .

*Standards for Privacy of Individually Identifiable Health Information*, 67 Fed. Reg. 53182-01, 53211 (Aug. 14, 2002) (to be codified at 45 C.F.R. pt. 164) (emphasis added). Thus, regardless of whether the "consent" for collection of medical debts is defined by the FCC or HIPAA, the record establishes that plaintiff consented to receiving calls about the medical debt on his cell phone by giving the cell phone number to a medical provider. (Pl.'s LR 56.1(a) Stmt. ¶ 5.)

Plaintiff also contends that defendants cannot use cell phone numbers to collect medical debts, even with a consumer's consent, unless doing so is essential to obtaining payment. However, this argument is based on a requirement of HIPAA, not a provision of the TCPA, the statute under which plaintiff is suing. *See* 45 C.F.R.

**STATEMENT**

164.514(d)(3)(i) (stating that covered entities that use PHI to obtain payment must "implement policies and procedures . . . that limit the [PHI] disclosed to the amount reasonably necessary to achieve th[at] purpose"). Further, even if the HIPAA regulation applied, defendant could still use cell phone numbers because the record shows that doing so is "reasonably necessary" to obtain payment of medical debts. (*See* Def.'s LR 56.1(a) Stmt., Ex. 1, Gelb Decl. ¶ 6 (attesting that defendant's "ability to collect a debt is significantly improved when it has the debtor's phone number" ).) Consequently, plaintiff's TCPA claim, and thus that of the class he represents, fails, without or without the HIPAA graft he urges.